## LUTHER MOORE V. THE STATE.

### No. 385. Decided February 2. 1910.

**1.—Adultery—Accomplice Testimony—Charge of Court.**

On trial for adultery where the main State's witness was the paramour of defendant, she was an accomplice, and the court should have correctly instructed the jury as to accomplice testimony which it failed to do as requested; this was reversible error.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial of adultery the evidence was not entirely circumstantial the court should not have charged on circumstantial evidence.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of adultery; penalty, a fine of $100.

*Patteson & Patteson,* for appellant.—On question of charge on accomplice testimony: Jackson v. State, 51 Texas Crim. Rep., 220, 19 Texas Ct. Rep., 176; Barton v. State, 49 Texas Crim. Rep., 121, 14 Texas Ct. Rep., 855; Dixon v. State, 15 Texas Ct. Rep., 26.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information charges that appellant committed adultery by then and there having habitual carnal intercourse without living together with Myrtle Cash, a woman, said Myrtle Cash being then and there lawfully married to another person then living.

Myrtle Cash was placed upon the witness stand, and testified in behalf of the State. She was the main witness, and was a paramour, therefore an accomplice. In this connection the court charged the jury as follows: "You are further instructed that in the trial of a man for adultery the testimony of his paramour as a witness for the State is that of an accomplice, and unless corroborated by evidence tending to connect him with the offense, will not support his conviction." Exception was properly reserved to this charge for reasons set out in the bill, and special instructions requested, as follows: "You are further charged as a part of the law of this case, at the request of the defendant, that before you would be authorized to find the defendant guilty, you must not only believe the testimony of the witness, Myrtle Cash, to be true, but you must further find from the evidence that the said Myrtle Cash has been corroborated by other testimony showing both the commission of the offense charged as well as connecting defendant therewith," etc. This was refused, and an exception taken. The court's charge was error, and it was, therefore, erroneous to refuse to give the special instructions as requested. While the requested charge is not technically accurate, yet it was sufficient to

call the court's attention to the matter. This question has been so often decided by the court it is unnecessary to cite cases.

The court gave, as preliminary to his charge on circumstantial evidence, the following: "In this case the State has relied upon circumstantial evidence to corroborate the testimony of the accomplice in this alleged offense. Circumstantial evidence when fully and conclusively made out, is sufficient to sustain a conviction for a crime, but the circumstances must not be of a vague, indefinite, shadowy character, and the facts constituting the chain must be clearly defined and fully proved." Then follows the charge on circumstantial evidence. We are of opinion, however, that circumstantial evidence is not an issue in this case. The woman, Myrtle Cash, testified positively to the acts of intercourse between herself and appellant. It is only in cases where the evidence is entirely circumstantial that calls for a charge on this phase of the law. The court should not have given a charge on this issue.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*