### JOE TOTTEN V. THE STATE.

No. 18960.   Delivered June 9, 1937.
Appeal reinstated November 10, 1937.
Rehearing denied February 16, 1938.
Appellant's request for leave to file second motion for rehearing
denied (without written opinion) February 23, 1938.

The opinion states the case.

*Scarborough & Ely,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

The transcript is without a caption showing the date of adjournment of the term of court at which appellant was tried.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been corrected, the appeal is reinstated and the case considered on its merits.

The prosecution proceeded under Article 42, P. C., which reads as follows:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

We quote the charging part of the indictment, as follows:

"Joe Totten, on or about the 23 day of July, A. D. one thousand nine hundred and thirty-six and anterior to the presentment of this indictment, in the County of Taylor and State of Texas, did then and there unlawfully drive a motor vehicle, i. e. a truck upon a public highway, i. e. the public road leading from Abilene, Texas, to Coleman, Texas, and known as State Highway, No. 7, while he, the said Joe Totten was then and there intoxicated, and he, the said Joe Totten, did then and there, while so driving said truck as aforesaid, through mistake and accident, kill Robert Cluney by then and there driving said truck into and causing it to collide with the said Robert Cluney, thereby jarring and bruising the body of him, the said Robert Cluney, causing injuries to the body of him, the said Robert Cluney, from which injuries the said Robert Cluney then and there died."

The indictment is sufficient under the holding in Jones v. State, 75 S. W. (2d) 683.

The proof on the part of the State warranted the conclusion of the jury that appellant, while intoxicated, accidentally struck Robert Cluney with his truck and killed him. The testimony of

appellant's witnesses was to the effect that he was not intoxicated at the time he drove said truck.

Appellant insists that the holding in Jones v. State, supra, is erroneous, his position being that Article 42, supra, has no application to a state of facts here present. We are constrained to overrule this contention without further discussion of the question.

Appellant excepted to the charge of the court because it failed to submit an instruction covering the law of negligent homicide. The indictment herein does not comprehend the offense of negligent homicide. Snyder v. State, 102 S. W. (2d) 424. The exception was properly overruled. Pope v. State, 194 S. W. 590. It might be added that the court instructed the jury as follows:

"Before you would be authorized to convict the defendant in this case, you must find and believe from the evidence beyond a reasonable doubt: first, that the defendant, Joe Totten, on the occasion in question was intoxicated, as that term has been herein defined, and: second, you must further find and believe from the evidence beyond a reasonable doubt that the intoxicated condition, if any, of the said Joe Totten on the occasion in question caused the death of the deceased, Robert Cluney; and if you have a reasonable doubt as to either of the two above propositions, you will give the defendant the benefit of the doubt and acquit him and say by your verdict not guilty."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The appellant insists that we were in error in our original disposition of this case in holding that the trial court committed no error in failing to charge the jury relative to the law of negligent homicide, and insists that the original opinion in the Snyder case, 102 S. W. (2d) 425, should be adhered to rather than the opinion on rehearing in such cause. In such opinion on rehearing we held that an indictment alleging that while intoxicated accused by accident and mistake caused his automobile to collide with another automobile, causing the death of an occupant of such other automobile, was insufficient to charge the offense of negligent homicide.

It is true that under Article 695, C. C. P., an indictment for murder will include all the lesser degrees of homicide, but that does not of necessity mean that an indictment charging any of the lesser degrees of homicide will include murder. We also confess ourselves unable to see how under an indictment charging an offense voluntarily and intentionally done, such allegation can be supported by proof of one done by accident and mistake.

It would seem to us the better reason to be as held by Judge LATTIMORE in the opinion on rehearing in Snyder v. State, supra, that the allegations in this indictment remove the same from the domain of negligent homicide, and that the trial court did not err in failing to charge the jury on the law relative thereto. We see no reason for changing our ruling therein, therefore this motion for rehearing is overruled.