BEAUFORD F. BRITTAIN v. THE STATE.

No. 20939. Delivered April 3, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*Chas. L. Nunn* and *R. Temple Dickson,* both of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with murder in that while intoxicated and driving an automobile, upon a public highway of this State, by accident he collided with an automobile and killed R. C. Binnion and his wife, Mrs. Evelyn Binnion. Upon a conviction therefor he was sentenced to serve two years in the penitentiary.

This indictment evidently was drawn under the doctrine laid down in the cases of Jones v. State, 75 S. W. (2d) 683, and Totten v. State, 113 S. W. (2d) 194, and we think it properly charges an offense against our laws. See Art. 42, P. C.

There are no bills of exception in the record, and the facts alone are the basis of appellant's complaint. By the facts it is shown, and practically admitted by appellant, that he was intoxicated on the night of December 24, 1938, when the accident occurred. He testified that he had drunk several bottles of beer and some whisky, and that he became sick, and that while at a cafe he started out to his car to go to sleep, when he was accosted by two boys, whose names he did not know, and whom he has since been unable to find, and they suggested that one of them drive the car for him. That previously while driving out to this inn or cafe he had hit a sign along the road. One of these boys said he would drive the car, and appellant got in the middle between the boys, and soon thereafter "passed out and went to sleep." All that appellant remembered after that was "It seems like I saw a bunch of white lights and everything turned blind and seemed as if some one was pulling on my hair or trying to move me; that is the last thing I remember until I came to at the hospital," some twenty-four hours later.

The State's testimony shows the drinking of intoxicants by appellant just prior to the accident, and testimony of witnesses

other than appellant shows he was intoxicated at the scene of the accident.

The State's testimony further shows that on Christmas Eve, 1938, Mr. C. R. Binnion and his wife, Evelyn, together with their four children, one eleven years old, one ten years old, one seven years old, and one five years old, had been to their paternal grandmother's in Sweetwater to a Christmas tree, and after the tree festivities were over the Binnion family got in their two seated car to go to Fort Worth to their maternal grandmother's to spend Christmas day; this was probably about 9:30 at night, the father and mother riding on the front seat and the four children on the rear seat. The oldest girl, Bobby, said that after they had gotten out on the road east of Sweetwater some distance she heard her mother hollo to her father and tell him to look out; that she then looked and saw an automobile coming towards them without any lights showing, and immediately the crash came. The mother's neck was broken, and she never moved out of the car, dying instantly; the father and one of the smaller children were knocked out of the car. The father also died from the injuries there received.

Appellant's car was shown by other witnesses to have been driven first on one side and then on the other side of the road just a short time prior to the accident, and this car had probably struck a road sign but a short distance away from the scene of the accident, and paint of the same color as that of the sign was found on appellant's automobile after the accident. Appellant's unconscious body was found in a pasture about thirty steps north of the fence near the scene of the accident and opposite thereto by parties who early came upon the scene.

Appellant's defense was that one of these boys must have been driving the car at the time of this tragedy, and afterwards must have taken his unconscious body over into this pasture, and then fled the scene. That he remembered nothing about the actual occurrence.

This defense naturally made it necessary that more than one person was in appellant's car at the time it struck the car in which the Binnion family was riding.

Lewis Williams, his wife and daughter had seen a car like appellant's on the road on which the accident occurred but a short time prior to the occurrence, which car was proceeding in an erratic manner, going from one side of the road to another, and which "like to have hit them," and which eventually ran into a road sign and down into a ditch by the side of the road.

Mr. Williams, his wife and daughter lived about a half mile off the highway, and in about fifteen minutes after they got home the daughter came running into the room and said there had been an accident, and then they heard the siren blowing. The daughter said this was about 10:15, and when they turned off the road to go to their home the last she "saw of that car that night it was stopped about half way up the hill past the lake road in the bar ditch."

Lewis Williams, whose car was being driven by the daughter as just above referred to, testified relative to this Model A Ford at the time the Williams car turned off the highway, as follows: "I couldn't see but one person in the car, and I seen it from both ways and my honest opinion that was all there was. That car went on past the lake intersection and we stopped on top of the hill and he pulled down in the bar ditch and I said, 'We will go on home,' and we started and he started and went up the bar ditch about fifty feet, and we went on home. The last time I saw him he was going along the bar ditch on the south side."

It will be borne in mind that soon thereafter the witness and his daughter heard the siren, they having traveled about one half mile to their home, and about fifteen minutes having elapsed after their return home.

The court in a comprehensive charge gave a charge on circumstantial evidence, as well as on all other phases of the case presented by the facts.

In our judgment the testimony is sufficient to show that appellant, in driving an automobile while intoxicated, by accident struck the car of Mr. Binnion and killed him and his wife Evelyn, and the jury was justified in thus saying by their verdict.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.