# Frank Fox v. The State.

No. 22173.  Delivered October 28, 1942.
Rehearing Denied November 25, 1942.

72

The opinion states the case.

*Frank Sparks*, of Eastland, and *L. H. Flewellen*, of Ranger, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a penalty of two years in the penitentiary on a charge of murder. The original opinion was delivered on June 10, last, affirming the case and the matter is before us now on a motion for rehearing. For the reasons hereinafter stated, the motion for rehearing is overruled. The original opinion is also withdrawn and the following substituted which will discuss the matters raised in the motion for rehearing, as well as that presented on original submission.

It was charged by indictment that appellant violated a felony statute by driving on a public highway in Palo Pinto County while intoxicated and that while so doing he accidentally killed Edgar Markham. There can be no reasonable contention that the State did not supply sufficient evidence to warrant the jury in returning a verdict of guilty in the event they accepted the testimony of the State and rejected that of ap-

pellant to the extent that it was in conflict with the State's theory of the case. For this reason the evidence is stated only insofar as is necessary to treat the questions of law raised in appellant's brief.

In his motion for rehearing appellant complains, with much emphasis, because the court did not consider, pass upon and adjudicate each assignment presented, "and to give their reasons for such holding in a written opinion." Appellant has a right to have this court consider every question raised by him and such was done in the original opinion and, likewise, each and every question is reconsidered on the motion, but it is not mandatory, practical or advisable to discuss in written opinion each and every question raised in all cases, especially when they have heretofore been definitely decided in the opinions of the court. Particularly is this true in regard to the complaint that Art. 802-C of the Penal Code and Art. 42 of the Penal Code do not authorize a charge of murder without malice and a conviction under the record before us. This question has been discussed in the case of Jones v. State, 75 S. W. 683, and approved and elaborated upon in the case of Tottem v. State, 113 S. W. (2d) 194, as well as several others. A further discussion than that given in these opinions could not be helpful to the jurisprudence of this State nor change the result of the litigation now before us. It is sufficient to say that they announce the law of the State as we see it at the present time. In so declaring, we think there is no reason why we should be misunderstood.

The case before us is without bills of exception and reliance is had upon the questions raised in appellant's exceptions to the court's charge. We find it unnecessary to discuss all of these for the reason that it appears either that the court changed his charge to conform to the exceptions in some instances or that the exceptions were not well founded when made. It is hardly necessary for us to call appellant's attention to this, other than to refer to his exceptions numbers eight and nine.

His first contention is that the court erred in declining to instruct the jury that if they found from the evidence that the deceased caused or contributed to the cause of his death by his own act or acts of carelessness, by failing to use the care of an ordinarily prudent person at the time and place of the

collision, they should acquit him. To have given such an instruction would have made contributory negligence a defense to an unlawful act on the part of the appellant and would have been contrary to the holding of this court in the cases of Jones v. State, 75 S. W. (2d) 683; Totten v. State, 113 S. W. (2d) 194; Anderson v. State, 135 Tex. Cr. R. 104, 117 S. W. (2d) 465; Brewer v. State, 140 T. C. R. 21, 143 S. W. (2d) 599. This appears to be appellant's most insistent ground for a reversal and it is asserted that the opinions of this court have "begged the question." In all probability, counsel has not read the case of Brewer v. State, supra. If the writers of the opinions have heretofore failed to properly express the view of the court, let it now be understood definitely that the defense of contributory negligence is not available in a criminal case. This is a logical conclusion and based upon sound reasoning and judicial pronouncements of other jurisdictions as well as our own. So far as we have been able to ascertain there are no conflicts in any of the states having laws similar to our own. Vasquez v. State, 121 T. C. R. 478, 52 S. W. (2d) 1056; Stover v. State, 132 T. C. R. 356, 104 S. W. (2d) 48; People v. Marconi, 5 P. (2d) 974; State v. Thomlinson, 228 N. W. 80; Benton v. State, 274 N. W. 21. While contributory negligence is no defense in such a case, the rights of the defendant are amply protected in the holding that the conduct of the deceased may be considered to determine whether the defendant's unlawful act was the cause of the death, or to determine whether or not the defendant was negligent. McKee v. State, 132 T. C. R. 67, 102 S. W. (2d) 1058; Collins v. State, 130 T. C. R. 386, 94 S. W. (2d) 443; Norman v. State, 121 T. C. R. 433, 52 S. W. (2d) 1051. See also 17 T. L. R. 92. Among the authorities from other states holding this same view may be found State v. Disalvo, 121 Atl. 661; State v. Bowser, 261 P. 846, and 99 A. L. R. 756 and 834 (notes).

We note that in Paragraph 6, the court instructed the jury that they must find and believe from the evidence beyond a reasonable doubt: first, that on the day of the occasion in question the defendant was intoxicated as the term "intoxicated or under the influence of intoxicating liquor" was defined therein; and, second, that they must further find and believe from the evidence beyond a reasonable doubt that the intoxicated condition, if any, of the said Frank Fox on the occasion in question caused the death of the deceased; or if they had a

reasonable doubt as to either of the two propositions, they should give the defendant the benefit thereof and acquit him.

In Paragraph 7 of his charge, the court clearly instructed the jury that although they believed from the evidence beyond a reasonable doubt that the defendant was intoxicated at the time and place of the accident, he would not be guilty if he was operating his automobile in the same manner that it would be operated by one not under the influence of intoxicating liquor.

In Paragraph 8, the court instructed the jury, in substance, that if they should find from the evidence that the defendant, Frank Fox, was intoxicated on the occasion in question and while so intoxicated (if they so found) he was operating his automobile on a public highway in Palo Pinto County, Texas; and if they further found and believed from the evidence that the deceased was on said highway in front of the defendant's approaching automobile, and defendant discovered the deceased on said highway and that after seeing him, in an effort to avoid striking him, the defendant thereafter operated his automobile in the same manner that it would have been operated by a person not intoxicated or under the influence of intoxicating liquor, then in such event it would be their duty to acquit the defendant, or if they had a reasonable doubt thereof to acquit him.

We note that the charge in this case is similar to the one given in the case of Jones v. State, supra, which was assailed from every conceivable standpoint, but this court, after full and fair consideration of the proof offered, held it to be a clear and succinct instruction upon the legal rights of an accused charged with an offense of this character. It fully protected the rights of the party on trial.

In Paragraph 9 of the charge the court instructed the jury that a pedestrian has the same right under the law to use a public highway as any person traveling in an automobile or other means of transportation. This is certainly a correct pronouncement of the law in this State.

Appellant further objected to the charge of the court on the ground that it did not instruct the jury on the law of circumstantial evidence. We are unable to see that this was re-

quired. Evidently, the appellant has in mind that the State relied upon the circumstances of the blood on the ground and of other facts as circumstances for a conviction. In the first place, we think that no circumstance played an important part in the jury's consideration. Even so, the evidence sufficient to warrant their finding was direct testimony of the two first witnesses placed on the stand. Mrs. Patterson testified that she saw the deceased on the highway and, upon glancing away from him, heard a noise. She immediately looked up and saw a fog of dust. Appellant's car emerged from it and the man was no longer visible. Upon approaching the place she found this man on the ground dead.

George Parks was 103 steps away from the point where the collision took place. He heard the noise from the collision and raised his eyes and, in direct view, saw the appellant as he had struck the deceased and watched him drag the body for a distance of 103 steps to a point immediately opposite where the witness was standing. He testifies that the collision took place on the north side of the center of the highway while the appellant was traveling east. While the position on the highway is an aggravating fact in the case, it is not essential to a convicition that they find he was on the left-hand side of the road under the facts in the record. Something like ten or twelve witnesses saw the appellant immediately after the collision, saw him walk, heard him talk and, after stating the things that caused them to form an opinion, gave the conclusion that he was intoxicated. This is not circumstantial evidence. We are unable to find any important issue which might have been concluded solely upon a circumstance in the case. It is too well settled a rule to require discussion that under such facts a charge on circumstantial evidence would be inappropriate. Givens v. State, 34 S. W. 626; Moore v. State, 58 Tex. Cr. R. 183, and Mahoney v. State, 98 S. W. 854.

We note in connection with the foregoing that appellant in his motion for rehearing makes the assertion that there was not a single eye witness to the collision. If such were our view of the record, further discussion would be required and, in all probability, we would conclude that a charge on circumstantial evidence should have been given. The foregoing discussion of the testimony of Mrs. Patterson and of George Parks will justify us in differing with appellant as to the nature of the evidence.

Appellant further contends that it was inflammatory for the court to use the expression "murder without malice" and "murder" in his charge in view of the fact that he failed to define the same. On its face, this complaint does not justify a discussion. It is incidentally passed on in the Jones and Totten cases above referred to.

Any further discussion would be a repetition of what we have said, or of matters immaterial under our view of the settled law.

We find no errors prejudicial to the rights of appellant that have been brought forward in the appeal.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

On June 10, 1942, an opinion was released which affirmed the judgment of conviction. Appellant filed a motion for rehearing which was overruled on October 28, and the original opinion was withdrawn, and the opinion of date October 28 substituted therefor. The judgment was again affirmed. Treating the substituted opinion as an original opinion appellant has again filed a motion for rehearing in which his former contentions are reiterated. We see no necessity for elaborating on the matters already discussed and decided.

Appellant insists that our opinion fails to set "forth the reasons for our decision" as required by Art. 847 C. C. P. Considering the statutes referred to in our opinion in connection with the cases cited we thing the reasons for our conclusion are apparent, even though they may not be satisfactory to appellant.

The motion for rehearing is overruled.