## WALTER F. GREINER V. STATE.

No. 25,648. April 16, 1952.
Rehearing Denied May 28, 1952.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) June 25, 1952.

Hon. Garland Casebier, Judge Presiding.

*Elbert R. Jandt,* Seguin, and *Coke R. Stevenson,* Junction, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for murder without malice under the provisions of Article 802c, Vernon's P. C., the jury having assessed the punishment at two years' confinement in the state penitentiary.

Appellant admittedly drove his Buick automobile into a wrecker operated by the deceased while deceased was engaged in raising and tying onto a car which had struck a deer. Both the wrecker and the damaged car were off the pavement on the appellant's right and were facing toward appellant. The collision occurred after midnight, and the wrecker's lights were on. The deceased was found dead under the wrecker immediately after the collision.

It is contended that the evidence is insufficient to support the jury's finding that appellant was intoxicated.

Appellant testified that he drank a highball early in the night before leaving Seguin. He admitted that he had an unopened fifth of whisky in his car, but denied any knowledge of a partly filled bottle being there. He testified that he did not drink any liquor after leaving Seguin and that he was not intoxicated.

Several witnesses testified that appellant, following the accident, was seated on the floor of his car where a half-filled bottle of whisky was later found. Another bottle of whisky with the seal intact was in a suitcase found in the car. It had apparently been broken as a result of the collision and the whisky had spilled.

Describing the appellant's condition, witnesses who were at the scene of the accident testified that he was "staggering," "was out of the ordinary," "was in a kind of a daze like he was drunk or crazy," "something was wrong with him," "staggering and stumbling around," "you could tell something was wrong," "he did not act like a normal person, he would walk around with his hands in his pockets, and staggering around as if he couldn't keep his balance; asked repeatedly who was that woman over there." A witness testified that appellant was either drunk or crazy; another that he was staggering around asking foolish questions; again, that he smelled of intoxicating liquor; that the witness saw two drunk men there, one of them being the appellant; that the woman injured, who was with the appellant, when asked what caused the accident, said: "I tried to get the big son

of a bitch to slow down before we got there." This latter statement seems to be res gestae.

Mrs. Rotje, a witness, testified as follows:

"As to my telling the jury the way he acted as he walked around the scene of the accident, I never heard him say a word; he just staggered around there in the way, and I asked someone to get him out of my way; he did not act normal. I could smell liquor or whisky about his person. As to whether that man was intoxicated at the time I saw him, by what I could see, smell the liquor and everything, there was certainly something wrong with him—staggering around, stumbling around, you could tell something was wrong."

Some of the witnesses testified that they smelled liquor on his breath; others smelled liquor but did not say it was on appellant's breath.

Dr. Stevenson, who first examined appellant at the hospital, testifying as a witness for appellant, said that he smelled liquor on him but could not say whether the alcohol was taken by him before or after the accident.

None of the witnesses who observed appellant at the scene of the collision expressed the unqualified opinion that he was drunk; they each admitted that the condition they observed might have been caused by shock or injuries he received from the collision.

Dr. Packard testified as to appellant's injuries, and further testified that when he examined appellant he thought that he was under the influence of intoxicants and that he had been drinking; that the blood specimen taken under his supervision at 4:00 A.M., some four hours after the collision, showed .10% of alcohol in appellant's blood at that time which was not sufficient to show that he was then intoxicated.

Expert witnesses testified that .15% was the accepted standard to show intoxication and that normally a person would eliminate alcohol from the blood at the rate of .02% per hour from the time he last took alcohol into his system.

The deduction drawn from this expert testimony by the state is that at the time of the collision appellant had .18% of alcohol in his blood, which would render him intoxicated.

The sole objection to the evidence concerning the blood test was that the specimen had been taken without appellant's consent. There was conflicting evidence on the question of consent to take the test which the jury resolved against the appellant.

We are, therefore, not here concerned with the admissibility of the evidence but, rather, must determine whether the same constituted any evidence upon which the jury might base their verdict.

Attention is directed to our holding in McKay v. State, 155 Texas Crim. Rep. 416, 235 S.W. (2d) 173, wherein the evidence of the breath test was questioned. We there said:

"We are not holding * * * that the foregoing (evidence as to the accuracy of the test) is established as a scientific fact. "Our conclusion is that the evidence is admissible * * * for whatever it is worth * * *."

That is, we said that even though the test had not received the approval of the legislature or the courts as to its scientific accuracy, still evidence of the results of the test and its accuracy might be considered by the jury, along with other evidence, in reaching their verdict.

Appellant offered testimony of other witnesses to the effect that Dr. Packard, after learning the result of the blood test, stated that appellant was not intoxicated.

In passing upon the sufficiency of the evidence to sustain the verdict of the jury, it is our duty to view the evidence in the light most favorable to the state. See Hankins v. State, 140 Tex. Cr. Rep. 520, 146 S.W. (2d) 195, and cases cited in Tex. Digest, Vol. 13-A, under Key 1144(13), pages 324-328.

Applying this rule, we are unable to agree that the jury's finding that appellant was under the influence of intoxicating liquor is without support in the evidence.

We also overrule the contention that the state failed to prove that the deceased died as a result of injuries sustained as a result of the accident.

Reverend Sweet, whose damaged car was being picked up by the wrecker, testified:

"The lights shone so I could see Mr. Strube underneath the wrecker, and I thought it had just knocked him down, and I started to move him, and I could see he was hurt and didn't move him, and took hold of his pulse, and he died in my arms in two minutes."

On cross-examination, this witness testified:

"After the impact, my first impulse was to look after the safety of my own wife and child; I found they were not seriously injured. I next went to Mr. Strube's side of the car, where I had last seen him; then I discovered Mr. Strube was very seriously injured."

There are several exceptions to the indictment. It is contended that the indictment is insufficient because it appears to have been returned in the district court for Kimble County, rather than in the district court of the 112th Judicial District of Texas in and for Kimble County.

This court will take judicial knowledge of the apportionment statute, Art. 199, R.C.S., under which statute Kimble County is a part of the 112th Judicial District of Texas, and that an indictment returned in the district court of Kimble County was returned in the district court of the 112th Judicial District in and for Kimble County.

It is next contended that the indictment is duplicitous and repugnant because it charges the killing to have been done by accident and mistake. If the distinction which appellant contends in fact exists, the conjunction allegation is nevertheless correct, and the state could sustain the allegations by proof showing either mistake or accident. However, in Johnson v. State, 153 Tex. Cr. R. 59, 216 S.W. (2d) 573, we said that the terms "accident" and "mistake" mean "unintentionally," and are often used interchangeably.

Dr. Packard testified that the blood specimen was taken with appellant's consent and we think the result of the test was admissible for whatever it may be worth.

Appellant contends that the offense of which he was convicted is in fact not the offense of murder but is the offense of driving a motor vehicle on a public highway while intoxicated, with enhanced punishment by reason of the killing by accident or mistake.

It is true that Art. 802c, Vernon's Ann. P.C., is not a murder statute. As to one engaged in the offense of driving a motor vehicle on a public highway while intoxicated, Art. 802c, supra, operates the same as does Art. 42, Vernon's Ann. P.C., as to one engaged in the comission of any felony. The act done by accident or mistake is chargeable to the person engaged in the unlawful act as though intentionally done.

Prior to the amendment of Art. 802, P.C., in 1941, the offense of driving while intoxicated was a felony, and an accidental killing by one engaged in such unlawful act was, under Art. 42, supra, held to authorize a conviction for murder without malice. See Fox v. State, 145 Tex.Cr.R. 71, 165 S.W. (2d) 733.

The legislature, in 1941, reduced the first offense of driving while intoxicated to a misdemeanor, and at the same time enacted Art. 802c, supra, thereby in effect leaving unchanged the law theretofore existing regarding an act done by accident or mistake by one engaged in driving a motor vehicle upon a public highway while intoxicated. See Johnson v. State, 153 Tex. Cr. R. 59, 216 S.W. (2d) 573.

Bill of Exception No. 15 complains of the introduction of the testimony of Highway Patrolman P. T. Jones to the effect that he found a pint bottle half filled with Canadian Club whisky in the car, and a fifth of a gallon whisky bottle which had been broken and the contents spilled in the suitcase, the neck of the bottle still having the seal intact showing that it had not been opened. The officer arrived at the scene after appellant had been taken away.

Other witnesses testified without objection to having seen the whisky in the car, and appellant sought to show that the spilled whisky accounted for the smell of liquor on the appellant's person. No harm is therefore shown to appellant by the complained of testimony. See Soble v. State, 153 Tex. Cr. R. 629, 218 S.W. (2d) 195, and cases cited.

The trial court instructed the jury as to the causal connection between appellant's intoxication and the death of the deceased as follows:

"Before you would be authorized to convict the defendant in this case, you must find and believe from the evidence, beyond a reasonable doubt: First, that the defendant, Walter F. Greiner, on the occasion in question was intoxicated, as that term

has been defined herein, and; second, you must further find and believe from the evidence beyond a reasonable doubt that the intoxicated condition, if any, of the said Walter F. Greiner on the occasion in question caused the death of the deceased, Fritz Strube; and if you have a reasonable doubt as to either of the two above propositions, you will give the defendant the benefit of the doubt and acquit him and say by your verdict 'not guilty.' "

Such charge amply presented such issue, and the trial court did not err in overruling appellant's objection and in declining to give other requested charges.

The evidence being sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

We shall attempt to discuss the questions raised by able counsel in his argument.

Appellant complains that the allegation in the indictment, "thereby causing said truck to strike the body" of the deceased, was not supported by the evidence. From the testimony of the witness Jones, who arrived upon the scene shortly after the wreck occurred, we find the following:

"* * * and under this vehicle was the body of a man, which we later identified as Fritz Strube; he was dead when I arrived; his head was under the back part of the wrecker and his feet stuck from under the wrecker in this position."

From the testimony of Reverend Sweet, who was present when the deceased was killed, we find the following:

"Mr. Strube was around to the rear of his wrecker, making those adjustments of the front of my automobile * * *. After that, this car hit the front end of the wrecker and spun off down the highway * * *. After the accident had occurred * * * I could see Mr. Strube underneath the wrecker * * *."

This, we think, clearly established the allegations in the indictment.

Appellant complains that we did not discuss the failure of the trial court to grant his requested charge No. 4, as follows:

"You are further charged, however, that even though you find and believe beyond a reasonable doubt that the Defendant was intoxicated and under the influence of intoxicating liquor as those terms have been defined, when his automobile collided with the wrecker under the control of Fritz Strube, but if you find and believe that under the same or similar circumstances a reasonably prudent person who was not intoxicated could not have avoided the collision, or if you have a reasonable doubt thereof, you will find the defendant 'not guilty'.

"In this connection you are further charged that a person is not required to anticipate those violations of automobile traffic laws which he does not know of or which a reasonably prudent person similarly situated would not reasonably anticipate."

The original opinion set forth the charge on causal connection as given by the court and held that it properly presented the issue.

We have been cited no criminal cases, and know of none, which require the giving of paragraph No. 2 of the requested charge above.

Appellant says we were in error in permitting proof by the witness Jones of the two bottles of whiskey found in his automobile. His contention now is that he has no complaint about proof as to the bottle of whiskey on which the seal had never been broken, since he admitted that he was carrying such a bottle. But he does complain of proof as to the finding of a practically empty bottle, since he denied having any such bottle in his car.

In our original opinion, we held that no error was shown by bill of exception No. 15 to the testimony of the witness Jones, because there appears in the record the same testimony from other witnesses, to which no objection was made. In this connection, reference is made to the testimony of the witness Leon Powell as follows:

"I saw some whiskey in the car * * *. One bottle was intact and one broken."

No objection appears to have been made to this testimony.

The rule is well established, as will be seen from the cases cited in Texas Digest, Crim. Law 1169(2) that "Erroneous admission of evidence is not ground for reversal, if the fact testified to be proved by other evidence not objected to."

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.