**Wilbert LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59128.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 22, 1980.

Rehearing Denied Dec. 23, 1980.

Ronald E. Lanier, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Fred E. Reynolds, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

The conviction is for the burglary of a building; the punishment was assessed by the court at twenty years.

Vera Williams, the owner of a small grocery store in the east part of Houston, was informed that it was being burglarized. She carried a pistol to the store and observed appellant at the back door of the store. He ran. She fired a shot but not at him. She followed him to his home and discovered several cases of beer in the yard, some receipts for which he had paid for bread and beer, and other items which had been taken from the store at his residence.

Officers E. D. Draper and G. B. Heerlein investigated and discovered that the door had been broken in and that the items taken from appellant's yard were returned to Mrs. Williams. Darrell Angel testified that he observed appellant carrying four quarts of beer from the store.

Appellant's mother testified that she observed three others breaking into the store, and she instructed her son to stop the burglary.

His defense shows that all his efforts were to stop the burglary being committed by three others.

The only contention to be discussed is that the court erred in not submitting a charge on criminal trespass. The court did not deny or refuse to give such a charge.

The court agreed that the requested charge on criminal trespass should be included. The requested charge and the ruling of the court are as follows:

"MR. LANIER: (Defense Counsel) Comes Now Wilbert Lindsey by and through his attorney of record and we would ask the Court in his charge, we are requesting a charge on criminal trespass and we would ask a charge be submitted as follows:

"A person commits an offense if he intentionally enters a habitation of another or enters property of another, without effective consent, and he had notice that entry was forbidden.

"So that you may better understand the nature of the offense with which the defendant is charged, I now define certain terms and words. 'Entry' means the intrusion of the entire body.

" 'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons and includes: A. Each separately secured or occupied portions of the structure or vehicle: and–

"THE COURT: Is that it?

"MR. LANIER: May I show the Court Reporter so she can put [it] in?

"THE COURT: That's alright with me."

Counsel took it upon himself to show the court reporter where to include the requested charge. The judge granted the request. If it did not get to the jury, it was not the court's fault.

Even though there is nothing presented for review, there are other reasons that such a charge was not required.

For there to be a charge on a lesser included offense, there should be an offense. No lesser included offense of criminal trespass was proved. The only testimony that would tend to show an offense of criminal trespass was that appellant entered the building to stop a burglary that was being committed by others.

■ It would be nonsense that an owner of a building would not give a neighbor consent to enter and order burglars out of the building. Under such evidence there would be no culpable mental state on the part of appellant.

Appellant was a neighbor to the victim. His defense was, that as a neighbor and a good samaritan, he was attempting to stop the burglary.

Following the reasoning advanced by the appellant, a law enforcement officer would be guilty of criminal trespass if he went into a building to stop a burglary and he did not have prior express consent of the owner to enter the building.

No reversible error has been shown. The judgment is affirmed.[1]

PHILLIPS, Judge, dissenting.

I must object to the refusal of the majority to adequately address all the grounds of error raised on appeal.

Article 44.24(c), V.A.C.C.P. provides:

1. The other contentions have been considered. They do not merit discussion and they are overruled. If the dissenter thinks that a discussion would add to the jurisprudence of the State, he is invited to write on each contention separately. Apparently he would reach the same result, because he does not dissent on the merits. Including useless material in opinions hinders research and adds to the expense of attorneys and others who must purchase law books.

The Court of Criminal Appeals, in each case decided by it, shall deliver a written opinion, setting forth in *intelligible language the reason for such decision*; or *where precedent exists*, in its discretion may decide the same by a certificate of affirmance or reversal *with citation of supporting authorities*. In either event, any judge may file an opinion dissenting from or concurring in the action of the court. (emphasis added)

The language of this provision allows certification as the *only* alternative to a full written opinion.

The only substantial precedent for the delivery of an abbreviated opinion is *Fox v. State*, 145 Tex.Cr.R. 71, 165 S.W.2d 733 (1942), decided under Article 847 of the former code of criminal procedure.[1]

This Court stated in *Fox*, at 734:

In his motion for rehearing appellant complains, with much emphasis, because the court did not consider, pass upon and adjudicate each assignment presented, "and to give their reasons for such holding in a written opinion". Appellant has a right to have this court consider every question raised by him and such was done in the original opinion and, likewise, each and every question is reconsidered on the motion, but it is not mandatory, practical or advisable to discuss in written opinions each and every question raised in all cases, especially when they have heretofore been definitely decided in the opinions of the court.

The legislature certainly was aware of *Fox* when it enacted Article 44.24(c), supra, as it provided that an abbreviated opinion may be written only "where precedent exists." *Fox* suggested that discussion of a ground of error was not necessary where

Deciding what should be written in an opinion is within the province of the Court. It is not a legislative function.

1. Article 847 stated in pertinent part:

In each case by it decided, the Court of Criminal Appeals shall deliver a written opinion, setting forth the reason for such decision.

the question raised had been "definitely decided" by prior cases.

In enacting Article 44.24(c), the legislature in its wisdom imposed specific restrictions on decisions by certificate: (1) controlling precedent for disposing of each ground of error must exist; (2) the supporting authority must be cited, whether the certified decision is an affirmance or reversal; and, (3) each member of the court must examine the briefs of the parties. Concerning the last requirement, see Article 44.24(d), V.A. C.C.P.

The majority in this case has complied with none of these restrictions. It has wholly failed to give adequate treatment to four of appellant's five grounds of error. I dissent to the refusal of the majority to carry out its statutory duty.