**Willie Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 049–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1982.

Melvyn Carson Bruder and J. Stephen Cooper, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Gerry Holden and William M. Lamb, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

---

7. See note 5 *ante.*

ON PETITION FOR DISCRETIONARY REVIEW

State's petition for discretionary review refused without written opinion.

McCORMICK, J., dissents.

McCORMICK, Judge, dissenting.

Appellant was convicted of attempting to rape a child, and punishment was assessed by a jury at ten years. On appeal, the Court of Appeals reversed and remanded the case for a new trial because the trial court did not instruct the jury on the lesser included offense of assault. The State, in its petition for discretionary review, contends the Court of Appeals erred in its decision requiring an instruction on assault under the facts of this case.

The record reflects that the complaining witness, an eleven-year-old girl, testified that appellant took her into an empty apartment building and made her lie down on the floor. Appellant then attempted to pull off the complaining witness' panties, tearing them in the process. While appellant was unbuckling his belt, the complaining witness escaped. The arresting officer testified that when appellant was arrested appellant told him he had not attempted to rape the little girl, but he had merely tried to pick her up so she would not have to walk in the mud and in so doing he had gotten his hand down around her bottom. Appellant testified at his trial that he was not in the area at the time of the offense.

The Court of Appeals in reversing this conviction relied on the two-prong test set out in *Day v. State,* 532 S.W.2d 302 (Tex.Cr. App.1976), that is: (1) Is the instruction requested a lesser included offense of the offense as charged? and (2) Is the lesser included offense raised by the evidence? The Court of Appeals initially found that assault as defined in V.T.C.A., Penal Code, Section 22.01(a)(3), was a lesser included offense of the charged offense. The elements of assault under Section 22.01(a)(3) are:

(1) a person

(2) intentionally or knowingly

(3) causes physical contact with another

(4) when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

The elements of attempted rape of a child as charged in this case are:

(1) a person

(2) with the specific intent to commit rape of a child

(3) does an act amounting to more than mere preparation

(4) that tends but fails to affect the commission of

(5) sexual intercourse

(6) with a female not his wife

(7) who is younger than 17 years

(8) by tearing away her underwear from her body.

V.T.C.A.Penal Code, Section 21.09(a); V.T. C.A., Penal Code, Section 15.01(a). V.T. C.A., Penal Code, Section 37.09, defines an offense as a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

Looking at the above, I fail to see how assault under Section 22.01(a)(3), supra, can be a lesser included offense of the charged offense. It is clear that assault requires proof of additional and different elements than attempted rape of a child. Specifically, clearly absent from the elements necessary to prove attempted rape of a child is the element of a "physical contact when he knows or should reasonably believe that the other will regard the contact as offensive or

provocative." Proof of this element is an *additional* element, not necessary in proving up attempted rape of a child. Thus, assault under Section 22.01(a)(3), supra, was not a lesser included offense in this case.

In addition, I would point out that rape of a child is not an assaultive offense. It cannot be put in the same category as rape of an adult. V.T.C.A., Penal Code, Section 21.02. In the offense of rape of a child there is no requirement that the attacker overcome resistance offered by the victim. The commentary to Section 21.09, supra, terms rape of a child as "statutory rape". The offense is committed whether the act was accomplished with or without the child's consent, and with or without the use of force, threats or fraud. 48 Tex.Jur.2d, Rape, Section 9, page 640 (1963). Thus, I cannot understand how assault could be a lesser included offense of rape of a child as charged in the instant indictment.

Assuming for an instant that we have found assault to be a lesser included offense of attempted rape of a child, it must be noted that the Court of Appeals applied the wrong test for the second prong of its inquiry. The proper test was set out in *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App. 1981) (on Court's Motion for Rehearing). This Court wrote:

"Thus, in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, *there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.* 622 S.W.2d at 446 (Emphasis added)

See also *McKinney v. State*, 627 S.W.2d 731 (Tex.Cr.App.1982) (on Court's Motion for Rehearing); *Johnson v. State*, 623 S.W.2d 654 (Tex.Cr.App.1981); *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980) (on rehearing).

The Court of Appeals held that the appellant's own alibi testimony did not prove he was guilty of assault. Neither did the complaining witness' testimony. Rather they looked at the arresting officer's testimony and found it sufficient to justify submission of an instruction to the jury on the lesser included offense of assault. The record shows Officer Garza testified as follows:

"Q. Earlier in response to one of Mr. Holland's questions, you said the Defendant said he did not do it, that he didn't know what he was being arrest for, or words to that effect.

"A. All right.

"Q. Would you go ahead and tell us about the rest of the conversation that you had with him.

"A. I told him that he knew why I was arresting him, he knew what he had done, that he had attempted to rape a little girl, and he related he had not attempted to rape no little girl. That he had merely tried to pick up the little girl so she wouldn't have to walk in the mud and he had just gotten his hand down maybe around her bottom while he was trying to pick her up."

This testimony does not raise the offense of assault. See *Lindsey v. State*, 608 S.W.2d 230 (Tex.Cr.App.1980). Indeed this testimony indicates that appellant denied the culpable intent necessary for the offense of assault. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979). In fact, from my review of the evidence, it appears that appellant was not even speaking of the same incident with which he is charged. Thus, the offense of assault was not raised by the evidence. Surely this evidence does not prove that if appellant was guilty he was guilty of *only* the lesser offense of assault. Rather, the evidence on the specific acts charged disclose only one offense, to-wit: attempted rape of a child.

In *Johnson v. State*, supra, appellant was charged with aggravated rape. On appeal, Johnson argued that the court erred in refusing to submit instructions on the lesser included offenses of aggravated assault and assault. This Court found that not only had the State proved aggravated rape, the State had also proven an assault and an aggravated assault. However, there was

no evidence presented at trial which showed that Johnson, if guilty, was only guilty of the lesser included offenses of assault and aggravated assault. In the instant case, not only is there no proof of an assault, there is certainly *no proof* that appellant, if guilty, is only guilty of the lesser included offense of assault.

Based on the above reasons, I feel the opinion of the Court of Appeals should be reversed and the conviction affirmed. Therefore, I dissent to the overruling of the State's petition for discretionary review without written opinion.