PHILLIP WHITE v. THE STATE.

No. 11434.   Delivered March 14, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

*Harris & Harris* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, forty years in the penitentiary.

The validity of the indictment is questioned because the term of court during which it was returned was held by a special judge who was elected under Article 1887, Revised Statutes, 1925, whereas appellant claims such article was impliedly repealed by an act shown at Page 228 of the General and Special Laws of the Fortieth Legis-

lature, which by its terms divided the State into nine administrative judicial districts and provided among other things in substance that the presiding judge of such administrative districts would have the right to assign judges when the regular judge was absent, disabled or disqualified. The bill of exception presenting this matter shows that the presiding judge of the administrative district of which Bastrop County is a part was unable to secure a judge to hold said term of court in lieu of the regular judge, who was ill and unable to be present and hold court, and that thereupon on the fourth morning of the term of court the lawyers proceeded to elect a special judge under the terms of Chapter 1, Title 40, Revised Statutes, 1925. If the provisions of this chapter were impliedly repealed by the said act of the Fortieth Legislature, it necessarily follows that all proceedings had under the special judge so elected were a nullity.

It has been said:

"Repeals by implication are not favored, and will not be indulged if there is any other reasonable construction. The presumption is always against the intention to repeal where express terms are not used and the implication, in order to be operative, must be necessary. A law is not repealed by a later enactment, if the provisions of the two laws are not irreconcilable nor necessarily inconsistent, but both may stand and be operative without repugnance to each other. Nor can one act be allowed to defeat another if, by a fair and reasonable construction, the two can be made to stand together. Although two acts are seemingly contradictory or repugnant, they are, if possible by a fair and reasonable interpretation, to be given such a construction that both may have effect." 25 R. C. L., Sec. 169, P. 918.

And further:

"Except when an act covers the entire subject matter of earlier legislation, is complete in itself and is evidently intended to supersede the prior legislation on the subject, it does not by implication repeal an earlier act on the same subject unless the two acts are so clearly inconsistent and repugnant that they cannot, by a fair and reasonable construction, be reconciled and effect given to both." 25 R. C. L., Sec. 170, P. 920.

The emergency clause of the act which appellant claims repeals prior statutes authorizing the election of special judges contains the following recital:

"The fact that there are now so many cases pending on the dockets of the several district courts of this State which cannot be

reached because of the press of business and the fact that there are other district judges whose time is not all taken, creates an emergency," etc.

It thus appears that the available method of selecting special judges was not expressed as an existing evil to be remedied.

The provisions of the chapter dealing with the election of special judges are not expressly repealed nor is there a necessary inconsistency or repugnancy between this act of the Fortieth Legislature and the provisions of Chapter 1, Title 40; Revised Statutes, 1925. We think that this last act was merely cumulative of the then existing laws with reference to the selection of a special judge to try cases, and that especially where the regular judge was absent and no other district judge was available, a special judge could be legally elected under the terms of Chapter 1, Title 40 of the Revised Statutes, 1925. The terms of the said act of the Fortieth Legislature do not evidence to our minds an intent and purpose to repeal the then existing law with reference to the selection of special judges.

Nor do we believe there is any merit in appellant's contention that the election of the special judge was void for the reason that it does not appear that the Sheriff opened and adjourned court on the second and third days of the term. The bill of exception shows that court was convened on the morning of the first day and adjourned until the morning of the fourth day, at which time a special judge was elected. The formality of opening and closing court on the second and third days was in our opinion not mandatory under Art. 1922, as claimed by appellant.

Art. 1922, Revised Statutes, 1925, is as follows:

"Should the judge of a district court not appear at the time appointed for holding the same, and should no election of a special judge be had, the sheriff of the county, or in his default any constable of the county, shall adjourn the court from day to day for three days; and if the judge should not appear on the morning of the fourth day, and should no special judge have been elected, the sheriff or constable, shall adjourn the court until the next regular term thereof."

While it is always a question of intention of the Legislature and no universal rule can be laid down applicable to all cases, the following language has been used by an eminent text writer with reference to the construction of directory and mandatory statutes:

"Where the provision is in affirmative words, and there are no negative words, and it relates to the time or manner of doing the

acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been usually treated as directory * * * Unless a fair consideration of a statute, directing the mode of proceeding of public officers, shows that the legislature intended compliance with the provision in relation thereto to be essential to the validity of the proceeding, it is to be regarded as directory merely * * * and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purposes of the statute." Lewis' Sutherland Statutory Construction, 2nd Edition, Vol. II, Sec. 611, Pp. 1115–1116.

Measured by these rules and looking to what must have been the intent of the Legislature in the enactment of said Article 1922 in connection with Chapter 1, Title 40, Revised Statutes, 1925, we believe the provisions with reference to the formality of opening and adjourning court to be directory only. See King v. State, 234 S. W. 1107.

Such other errors assigned as might justify discussion have not been properly presented for review.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is evident from the bill complaining of the irregularity of the election of a special judge, and of all subsequent proceedings affecting this case, that the trial term of the court below was not adjourned by the sheriff or constable at any time subsequent to the day of the convening of court under the statute, and prior to the election of the special judge who presided in this case. It is also plain that on the morning of the fourth day of said term, in accordance with the provisions of Art. 1922, Revised Civil Statutes, 1925, a special judge was elected by the members of the bar present, which judge, after due qualification, proceeded to assume the duties pertaining to said office and to sit during said term of court at which this case was tried.

We adhere to our holding that it was not intended by the terms of Chap. 156, Acts Regular Session, 40th Legislature, to repeal existing laws providing for the time and method of electing special

judges, as in ordinary cases. Said Art. 1922, supra, seems to include the morning of the fourth day of the term of court as proper for the election of such judge, when said court has not been adjourned for the term. T. M. Ry. Co. v. Douglass, 69 Texas, 694; Garza, et al. v. State, 12 Texas Crim. App. 261.

Bill of exceptions No. 4 makes no specific complaint which we can appraise. Evidence of intimacy of appellant with his stepdaughter, and that it had reached a stage where its discovery seemed imminent and inevitable, and that to shield himself appellant caused said girl to falsely accuse deceased with being the author of her shame, which seems to have been used by appellant as an excuse to kill deceased according to the State's contention, would be pertinent. This does not seem controverted in the bill whose objection was that too much proof of such facts was allowed. If appellant so concluded, he should have set out in said bill a definite fact,—a certain part of the testimony,—a definite boundary, where the admissible ended and the other began. He did not do so.

The killing was in April 1927. The girl in question was allowed to testify that in March 1927 she and appellant decided that she was pregnant, and he began to give her medicine. Objection that this was evidence of a different offense from that charged, would not seem to avail. It is allowable to prove the commission of a distinct offense when same becomes a part of the proof of the case on trial. Kelly v. State, 31 Texas Crim. App. 211; Dawson v. State, 32 Texas Crim. Rep. 535; Knauf v. State, 108 Texas Crim. Rep. 590.

Bill No. 6 sets out none of the facts or circumstances surrounding the killing or that led up to same. For aught we know therefrom, it may have been exceedingly material for the State to explore to its beginning the intimacy between appellant and his stepdaughter. When we are asked by a bill of exceptions to hold erroneous the rulings of the court, such request must stand or fall on the averments of the bill itself.

A complaint at the admission of a written confession based on the fact that said paper "Has other things on it," can not be sustained where same does not set out what the other things on said paper, are.

Appellant's bill No. 8 sets out two full pages of the testimony containing the cross-examination of his witness Annie Wheeler, part of which was plainly admissible. We can not consider such a bill.

Being unable to agree with any of the matters set up in appellant's motion, same will be overruled.

*Overruled.*