## JOHN NORMAN v. THE STATE.

No. 14030.   Delivered April 20, 1932.
Rehearing Denied June 22, 1932.
Application for Leave to File Second Motion for Rehearing Denied
October 12, 1932.
Reported in 52 S. W. (2d) 1051.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, two years in the penitentiary.

The evidence in this case is conflicting, that of the state supporting the theory that appellant while intoxicated drove his car into and against one occupied by deceased and others, from the effect of which collision deceased died. The theory of the defense, supported by testimony, was that appellant and a companion in his car were duly sober and drove their car upon the right side of the road, and that the collision was caused by the drunken condition of the driver of the car in which deceased was. The testimony of the state sufficiently showed, if believed by the jury, that appellant's action in the driving of his car upon a public highway while intoxicated caused the death of deceased, and thus supports the verdict.

Appellant attacked the indictment by motion to quash. Said indictment alleged that appellant was intoxicated; that while in such condition he was driving an automobile on a public highway; that he killed Mrs. Casey by then and there driving said automobile into and causing it to collide with another in which Mrs. Casey was. We think this sufficiently alleges that appellant was engaged in doing that which in law is a felony, and that while so doing he killed another, and this, though without apparent intention to kill, would under article 1241 of our Penal Code remove such case from the domain of negligent homicide and bring same within the present law of murder, and the comprehension of article 42, P. C., which in substance provides that if one executing a felony shall through accident or mistake do another act which, if voluntarily

done, would be a felony, shall receive the punishment affixed to the felony actually committed.

The court charged the jury as follows: "Now, therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant John Norman, in Coleman County, Texas, on or about the 15th day of June, 1929, and at the time and place of the collision and accident involved in this case, was driving an automobile upon Highway No. 7, and you further believe beyond a reasonable doubt that he was at such time intoxicated, and that through mistake or accident he drove his car into or against the car in which Fannie Casey was riding, and thereby caused the death of the said Fannie Casey, you will find the defendant guilty of murder and assess his punishment at confinement in the penitentiary for a period of not less than two years and not more than five years." This was excepted to, and if same was all the instruction given it would be misleading, for it cannot be sound law that one who drives his car correctly, and on the proper side of the highway, and in a proper manner on such public highway, even though he be then intoxicated, shall be convicted for murder if death result wholly from the carelessness or negligence of the driver of another car which collides with that driven by the accused. In other words, reverting to the terms of said article 42, supra, he, the accused, must by his own voluntary act "kill another." It is not enough that he be intoxicated while driving his car on such highway, but his such driving must cause the death of the other party. However, the learned trial judge seems to recognize this principle, and in another paragraph of his charge he said: "If you believe from the evidence that the defendant was driving on the righthand side of the road, and without any fault of the defendant his car struck the car in which the deceased Fannie Casey was riding, or if you have a reasonable doubt as this, you will find the defendant not guilty."

While it must be admitted that there are two right-hand sides of the road, dependent on the direction of the going, still it would seem that the jury having heard the other testimony in the case would necessarily infer from the above that the court meant the right-hand side from the standpoint of the appellant. It is one of the unvarying rules of decision that we must look to the charge of the trial court as a whole in solving the question as to alleged error of any part thereof. We believe that the two parts of said charge above quoted made it plain to the jury that even though appellant was intoxicated while driving, still if he was on that side of the road where he should have been, and if it was not his fault otherwise that caused the collision, he should be acquitted of any offense.

Bill of exception 1-A raises the same question as to the right of appellant to question the panel of jurors as to their attitude toward the law of reasonable doubt and presumption of innocence which was decided

adversely to appellant's contention in Ward v. State, 116 Texas Crim. Rep., 292, 31 S. W. (2d) 638. We adhere to what we said in that case.

No substantial reason is advanced in bill of exception 1-B why the court below should have granted to appellant the right to additional peremptory challenges after he had exhausted those accorded him by statute. In the absence of some showing of wrongdoing on the part of the court, we uphold the exercise of the trial court's discretionary power.

Bill of exception 2 complains because the court did not grant appellant's request to have the panel retired from the court room during the preliminary examination of the jurors. The granting of such request is one of necessity confided to the discretion of the court below. In this case the court qualifies the bill by saying that there was no place to which the other members of the panel could be retired, save by sending them downstairs, and this would cause much delay. In addition to this qualification, there seems no sort of attempt made to establish that during the examination of any of the jurors matters were elicited in the presence of others of a nature to have exerted any injurious influence.

We have no doubt as to the correctness of the action of the trial court in allowing a doctor, who was admittedly an expert, to testify that a sudden shock such as that resulting from the violent collision of automobiles, would have a tendency to bring to his senses and make sober an occupant of one of said cars who was under the influence of intoxicating liquor. Underhill's Crim. Ev. (3d Ed.), sec. 192; section 31, Branch's Annotated P. C., for citation of authorities.

The court declined to permit appellant to prove that he was offered whisky by some person on the morning of the collision and prior thereto and that he declined to drink it. Such testimony would be so remotely negative, if admissible at all, as that its rejection could hardly be deemed error for which the case should be reversed.

There are a number of bills of exception complaining of testimony, each of which has been reviewed and the complaint considered, and none of same are deemed to present reversible error. The only special charge raising any question seems to have been covered by the main charge on the same point.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In the written argument on appellant's motion for rehearing, attention is directed to that portion of our original opinion wherein we quoted a certain paragraph of the charge as follows: "If you believe from the evidence that the defendant was driving on the right hand side of the road, and without any fault of the defendant his car struck the car in which the deceased, Fanny Casey, was riding, or if you

have a reasonable doubt as to this, you will find the defendant not guilty." Appellant insists that we are indulging a presumption against him when we say that the jury having heard the testimony in the case would necessarily "infer" that the court meant in the charge "the right hand side of the road from the standpoint of appellant." The charge quoted is the third paragraph in subdivision 4 of the instructions. In the first paragraph of said subdivision 4 the court told the jury if they believed appellant was driving on Highway No. 7, "* * * and you further believe beyond a reasonable doubt that he was *not driving on the right hand side of the highway, in the direction he was going,*" etc. This makes it perfectly plain what the court meant by the *right hand side of the road.* The second paragraph of subdivision 4 again uses the language "the right hand side of the road"; and immediately following that is the third paragraph of said subdivision 4, the one quoted, in which the same language is again used. We observe that taking the whole of subdivision 4 together the jury could not possibly have been misled, or misunderstood the instructions.

Doctory Sealy, giving evidence as an expert, testified, as shown by bill of exception No. 9, that it was "* * *a well-known fact that when a man was in an intoxicated condition, when he meets with a great shock like two cars running together, one of which he was in, and that it sometimes has the effect of bringing a man to his senses or sobering him up, and that his opinion is based upon his opinion that a man could be sobered up by a shock from being thrown from a horse or any kind of a shock." In his motion for rehearing appellant says the main object of such bill was to complain that the doctor was permitted to testify as to the effect of a shock resulting from cars running together, like the collision shown in the present case. We think there can be no question that the doctor was properly permitted to testify that when a man in an intoxicated condition meets with a shock of any kind it would have a tendency to sober him up. Perhaps the witness should not have been permitted to use the collision of two cars as an illustration; but the bill of exception shows that appellant "objected to each word and syllable and every portion" of said evidence. That part of the evidence now urged as inadmissible was not by the objection segregated from the part which was unquestionably admissible, and therefore, we are compelled to hold that the bill presents no error. See Branch's Ann. P. C., sec. 211; 4 Texas Jurisprudence, sec. 212; Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W., 1046; White v. State, 110 Texas Crim. Rep., 206, 7 S. W. (2d) 1086.

Appellant further contends that the conviction should not be permitted to stand because the physical facts show that the deceased's car was on the wrong side of the road at the time of the collision and that if it had been on the proper side of the road no collision would have

occurred. This contention has made it necessary to again examine the facts, which we have patiently undertaken to do. It may be admitted that the evidence does show that after the collision occurred both cars were standing on the west side of the road, which was the side upon which appellant rightfully belonged. On the other hand, the evidence is in direct conflict as to the movements and positions of the cars immediately before and at the movement of collision. The testimony of Casey, one of the occupants of the car which was struck by the one appellant was driving, and that of Cason and Werner,—eyewitnesses and apparently disinterested witnesses—supports the state's contention that the accident was occasioned by appellant driving on the wrong side of the road; the evidence of appellant and that of Hart, who was in the car with appellant, is positive on the point that appellant was on the side of the road where he belonged, and that Casey's car was on the wrong side. The trial court recognized that the jury must decide the issue thus made and submitted his instructions in such language as called for such decision. The jury having settled the issue in favor of the state on conflicting evidence, this court would not be warranted in disturbing the verdict. The same may be said in regard to the issue of whether appellant was intoxicated at the time. The evidence on that issue is also in conflict, but the jury has determined it against appellant.

Our review of the matters urged upon rehearing leads us to believe the motion should be overruled, and it is so ordered.

*Overruled.*