A. C. DARNELL V. THE STATE.

No. 16754.   Delivered June 29, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1013.

The opinion states the case.

*E. T. Miller* and *W. J. Flesher,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, four years in the penitentiary.

It was alleged in the indictment that appellant was under the influence of intoxicating liquor, and while in such condition operated a motor vehicle on a public highway and struck a motorcycle ridden by deceased, thereby causing the death of the latter. Appellant moved to quash the indictment. A similar indictment was held good in Norman v. State, 121 Texas Crim. Rep., 433. The motion was properly overruled.

Other matters are complained of by bills of exception. One was of the testimony of Mrs. Oliver who swore as follows: "I stayed a safe distance behind, because I knew it wasn't safe to pass this fellow." This bill of exceptions is qualified to show that the witness had stated in this connection the movements of appellant's car in detail; how it would go from side to side of the road; that his car could not stay on the highway, etc. Appellant was driving on the highway ahead of said witness, who followed him a distance and observed the collision. The knowledge asserted by said witness seems based on what she saw appellant do, and is not regarded by us as of such a character as that her answer could be said to be merely her opinion.

Bill of exceptions 3 sets out a question asked witness Holton to which no objection was made; also the answer given, to which appellant did object, and the fact that the court promptly sustained the objection and instructed the jury not to consider said answer. We see no error on the part of the court. This witness said he met appellant a little way from where the collision took place, and that appellant's car had two wheels off the pavement on the east side just before they met, and that appellant's car then wheeled back on the road and came straight toward the car of witness, who thought appellant was not going to straighten up, but he did and passed witness, who made a remark to his companion concerning the driver of the car they had just met. The witness said he looked back, and that it was not more than five seconds after he made the remark until the fatal collision here involved took place. In view of the failure of appellant to object to the question, and the prompt action of the court in sustaining the objection to the answer, and his instruction to the jury not to consider it, this would, we think take out of the question any proposition of reversible error.

All the exceptions to the charge of the court are brought forward in bill of exceptions 4, in which the first complaint is of paragraph three of the charge. We observe that the charge must be considered as a whole, and paragraph three contains express directions to the jury to consider same in connection with paragraph four, in which appears the law of the case from the defendant's standpoint, and in a manner more favorable to appellant than was called for. Said paragraph four meets and renders unavailing appellant's complaint of paragraph three. In addition we also note that appellant asked a special charge, which was given, which presented affirmatively appellant's theory as supported by his own testimony.

Appellant and other of his witnesses gave testimony supporting the proposition that he was not drunk at the time. In paragraph five of the charge the jury were told that if appellant was not drunk, or under the influence of intoxicating liquor, at the time of the collision, or if they entertained a reasonable doubt thereof, he should be acquitted. We see no ground for objection to this part of the charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the claim that bills of exception two and three were improperly disposed of in our original opinion. We do not care to discuss further bill number two. It appears unquestionably to present no reversible error.

Bill of exception number three complains of a remark testified to by Roy Holton as having been made by him to a companion at the time witness observed the manner in which appellant was driving his car some four or five seconds before the collision with the motorcycle upon which deceased was riding. It is apparent from the bill that during the recital by witness of appellant's manner of driving his car witness was about to relate a statement made by him at the time to his companion. The district attorney asked witness "What did you say?" to which witness replied "I told him (meaning the person in the car with witness) he (referring to defendant) must be either drunk or crazy, and he is going to hit somebody and kill him or kill himself, one way or the other." Although it was apparent that the question asked by the district attorney called for a statement made by witness to his companion, no objection was interposed, but he was permitted to answer and then objection thereto was urged. The court immediately instructed the jury not to regard the answer of the witness. Not having been called upon to rule upon the impropriety of the question, it appears that the court did all in his power to withdraw the answer when objection was made to that. Considering the entire testimony of Holton regarding the manner in which appellant was driving the car from side to side across the road, the difficulty witness himself had in passing appellant, and in view of the other testimony in the case to the same effect, we have been unable to reach the conclusion that the incident complained of was such as to require a reversal.

Appellant's motion for rehearing is overruled.

*Overruled.*