A. A. SNYDER, JR., V. THE STATE.

No. 18251. Delivered June 24, 1936.
Appellant's Motion for Rehearing Granted March 3, 1937.

74

The opinion states the case.

*T. H. Ridgeway, Jack F. Ridgeway,* and *Arnold & Cozby,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is negligent homicide; the punishment, confinement in jail for one year.

Omitting the formal parts, the indictment reads as follows:

"A. A. Snyder, Jr., did then and there unlawfully drive and operate an automobile, upon a public street within the limits of an incorporated City within this State, to-wit:—Mc-Cullough Avenue, within the limits of the City of San Antonio, Texas, while he, the said A. A. Snyder, Jr., was under the influence of intoxicating liquor, and he the said A. A. Snyder, Jr., while so operating and driving said automobile aforesaid, did then and there through accident and mistake kill one Lena Pagel by then and there driving said automobile into and causing it to collide with another automobile in which the said Lena Pagel was then and there riding, thereby jarring and bruising the body of her the said Lena Pagel, causing injuries to the body of her the said Lena Pagel, from which injuries the said Lena Pagel did die."

Under the holding of this court in Norman v. State, 52 S. W. (2d) 1051, and Jones v. State, 75 S. W. (2d) 683, the above quoted indictment is sufficient to charge the offense of murder.

It is appellant's contention that the indictment will not support a conviction for negligent homicide. We quote from Norman v. State, supra, as follows:

"Said indictment alleged that appellant was intoxicated; that while in such condition he was driving an automobile on a public highway; that he killed Mrs. Casey by then and there

driving said automobile into and causing it to collide with another in which Mrs. Casey was. We think this sufficiently alleges that appellant was engaged in doing that which in law is a felony, and that while so doing he killed another, and this, though without apparent intention to kill, would under Article 1241 of our Penal Code remove such case from the domain of negligent homicide and bring same within the present law of murder, and the compenhension of article 42, P. C., which in substance provides that one executing a felony shall through accident or mistake do another act, which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

Giving effect to the foregoing announcement, we are constrained to hold that the offense charged in the indictment in the present case is murder. See, also, Jones v. State, supra. Under the terms of Art. 695, C. C. P., murder includes "all the lesser degrees of culpable homicide, and also an assault with intent to commit murder." We have uniformly held that an indictment for murder will support a conviction for negligent homicide. Guerra v. State, 288 S. W., 1084. It follows that appellant's contention can not be sustained.

The court submitted the law of murder and gave an instruction covering the offense of negligent homicide in the second degree, based on the commission of unlawful acts denounced by the law as misdemeanors. In view of the evidence, the instruction in question was appropriate and appellant's exception thereto was properly overruled. The accident occurred at the intersection of McCullough and Hildebrand Avenues. McCullough Avenue runs north and south and Hildebrand Avenue, east and west. The car in which deceased was riding was traveling east on Hildebrand Avenue. Appellant was driving his car south on McCullough Avenue. In his testimony appellant admitted that he was driving between forty and forty-five miles an hour. The proof on the part of the State was to the effect that he was driving approximately forty-five miles an hour. The testimony of the State was to the further effect that appellant was on the wrong side of the street. A witness testified: "The car in which I was riding and the defendant was driving was like this. Its left wheel was against the east curb of McCullough Avenue, that put it on the left hand side of the street. I could not say how many feet it was from the point where the Snyder car struck the Wade car and I could not approximate the distance." The same witness testified that appellant's car was about half a block from the car in which

deceased was riding when he first saw the car crossing the intersection of the two streets. He testified: "Our left front end caught the left rear of the other car." He testified further: "I could not swear to where in the street intersection the Wade car was at the time the car of A. A. Snyder, Jr., struck it, but to the best of my recollection it was over half way across McCullough but I am not positive of that. When the accident was over I believe the car was on the southeast corner." Appellant testified that his car had defective brakes. He said: "I did pull on my brakes, but they were not sufficient, and I pulled up my emergency brake but it would not hold. If the brakes had been in good order I think I could have had time to stop the car before the accident happened." His testimony was to the further effect that he was driving on the right hand side of McCullough Avenue. Again, he denied that he was intoxicated. Several witnesses for the State testified that appellant was not intoxicated. We think it is manifest that the evidence raised the issue of negligent homicide in the second degree, as submitted in the charge of the court.

Appellant objected to parol proof to the effect that San Antonio was an incorporated city. Said city is incorporated under the enabling act to the Home Rule Amendment to the Constitution (Constitution, Art. 11, Sec. 5). Its charter is on file in the office of the Secretary of State. In Fuller v. State, 32 S. W. (2d) 358, we said:

"However, it appears from the record in the office of the Secretary of State that Waco is an incorporated city; that it was incorporated under the enabling act to the Home Rule Amendment to the Constitution, which is Article 11, sec. 5. In the enabling act of the Rev. Civ. Stat., 1925, articles 1173 and 1174, it is declared that courts shall take judicial knowledge of the terms of a charter of the city which is incorporated under the act mentioned. In fact, in article 1174, supra, it is said: 'When such charter or any amendment thereof shall be so recorded, it shall be deemed a public act and all courts shall take judicial notice of same and no proof shall be required of same.' "

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The indictment in this case is set out in our original opinion, and was correctly held to charge the offense of murder, but we fear it was incorrectly held that such an indictment would include negligent homicide as well as other grades of that offense. The indictments in the cases of Crowder v. State, 78 Texas Crim. Rep., 344; Garcia v. State, 91 Texas Crim. Rep., 9; Hampton v. State, 98 Texas Crim. Rep., 161, and Carnichael v. State, 100 Texas Crim. Rep., 151, were not in form such as appears in the case before us, and,— as is said in some of the cases,—an indictment for murder in the usual form may be held, under appropriate facts, to include negligent homicide, but we find no case so holding when the indictment is in form such as here appears. It will be observed that here it is not charged in the ordinary and usual manner and form for charging murder, but alleges, in substance, that the accused drove and operated an automobile on a public street, in an incorporated city, while he was under the influence of intoxicating liquor, and while so driving and operating said automobile he did then and there through accident and mistake kill one Lena Pagel by driving said automobile into and causing it to collide with another automobile in which Lena Pagel was riding, thereby jarring and bruising the body of Lena Pagel, and causing her death.

Art. 1241 of our Penal Code definitely says that when one, in the execution of, or in attempting to execute, an act made a felony by law, shall kill another, though without an apparent intention to kill, the offense does not come within the definition of negligent homicide. Clearly appellant, if driving a car on a street in San Antonio while intoxicated, was committing a felony. We are compelled to hold that a definite pronouncement like Art. 1241 must control the general statutes regarding included crimes. In Norman v. State, 121 Texas Crim. Rep., 433, discussing a similar indictment, we said:

"We think this sufficiently alleges that appellant was engaged in doing that which in law is a felony, and that while so doing he killed another, and this, though without apparent intention to kill, would under Art. 1241, of our Penal Code remove such case from the domain of negligent homicide."

Again in Jones v. State, 75 S. W. (2d) 683, we said in the opinion on rehearing, after quoting Art. 1241, above set out, that the above quoted article seems to make it clear that appellant would not be guilty of negligent homicide.

Giving effect to the plain provisions of Art. 1241, P. C., and following the authorities cited, we are of opinion that we erred in the affirmance of this case, and in holding that the indictment herein comprehended the offense of negligent homicide. So concluding, appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*