### FLOWERS v. STATE.
No. 23639.

Court of Criminal Appeals of Texas.
June 25, 1947.

For former opinion, see 202 S.W.2d 462.

H. S. Beard and Joe W. Taylor, both of Waco, for appellant.

Gene Maddin, Dist. Atty., and Stansell Bryan, Sp. Pros., both of Waco, and Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant has filed a motion praying that the judgment and sentence in this cause be reformed and corrected. He has pointed out that the judgment and sentence do not follow the verdict of the jury, which found him guilty as charged in the second count of the indictment and assessed his punishment at five years in the penitentiary; whereas, the judgment of the court and the sentence declare him to be guilty of driving an automobile upon a public highway in McLennan County while intoxicated. The judgment should have found him guilty of killing Elizabeth Phillips while driving an automobile in an intoxicated condition. In accordance with the prayer to this effect, it is hereby ordered that the judgment and sentence be reformed to show the proper offense for which conviction is had.

It is further contended that under the operation of Article 44 of the Penal Code, appellant could only be given a two-year sentence. We call attention to the fact that appellant was tried under a special statute, being Article 802c, Vernon's Ann.P.C., which provides that he shall re-

ceive the punishment assessed for the felony actually committed. Under the doctrine that a special statute controls over a general statute, the jury had a right to assess a penalty of five years in the penitentiary and the judgment and sentence will not be changed as to the length of time he is to serve.