## HUMBERTO MUNOZ V. STATE

No. 27,924. January 4, 1956

*J. Earl Barnhouse*, Alice, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction for negligent homicide of the second degree. The unlawful act relied upon as constituting that offense is

the driving, while intoxicated, of a motor vehicle upon a public highway.

The information alleges also negligence and carelessness and the death of the deceased caused thereby.

The punishment was assessed at eighteen months in jail.

In Jones v. State, 160 Texas Cr. App. 640, 274 S.W. 2d 400, where the conviction was for negligent homicide of the second degree upon the same allegations in the information as in this case, we said:

"At the outset, we are confronted with the contention that the misdemeanor offense of drunken driving may not be utilized and relied upon as the unlawful act constituting negligent homicide of the second degree.

"By Art. 802c, Vernon's P.C., it is a felony for an intoxicated driver of an automobile to kill another person by accident or mistake. Being a felony, such crime could not be prosecuted as the misdemeanor offense of negligent homicide of the second degree. McCarthy v. State, Teexas Cr. App., 218 S.W. 2d 190; Flowers v. State, 150 Texas Cr. R. 467, 202 S.W. 2d 462, 203 S.W. 2d 539."

The Jones case is here applicable and controlling and calls for a reversal and dismissal of this prosecution.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the court.