BILLY RAY MCKEE V. STATE.

No. 31,045. November 18, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Coleman & Whitten,* by *Earl L. Coleman,* Dallas, on appeal only, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder without malice under Art. 802c, V.A.P.C.; the punishment, five years.

The testimony of the state shows that the appellant while intoxicated and driving an automobile on a public highway at a high rate of speed drove it into the rear of an automobile driven by W. E. Malone and also occupied by Minnie Huey and traveling in the same direction, and that the impact caused the death of the said Minnie Huey.

Appellant did not testify but called a witness who testified that appellant was not intoxicated when he was with him about two hours before the collision. He next called his wife who testified that she was driving an automobile about fifty miles per hour following within sight of the appellant when he overtook an automobile traveling "real slow," without lights and not going "exactly straight." She testified that after the collision he was first unconscious and then incoherent in his speech; and that he was not intoxicated, but someone at the scene gave him a drink of whisky.

Appellant contends that there is no evidence showing that he was intoxicated prior to or at the time of the collision; and if so, then there is no evidence that the alleged intoxication caused the collision.

The proof shows that a four-fifths quart bottle with about an inch of wine in it was found in appellant's car after the collision; that the odor of alcohol was on his breath while in the ambulance and at the hospital, and that he was intoxicated. When the sheriff asked appellant at the hospital "if he had been drinking pretty heavily" he replied: "You damn right I have. And if I had some more, I would drink it now."

A specimen of appellant's blood was taken, with his consent, at the hospital, and a chemical analysis of it introduced in evidence without objection showed an alcoholic content of .23 per cent by weight. The testimony further showed that such alcoholic content was indicative of intoxication.

An automobile identified at the scene of the collision as that of the appellant was seen being driven at a high rate of speed

immediately before the collision, and afterwards was approximately 250 feet from the point of impact; the Malone car in which Minnie Huey was riding turned over many times and came to rest about 320 feet from the point of impact, and the body of Minnie Huey was about forty feet from it.

Appellant told a highway patrolman that he was involved in the wreck; and when the sheriff asked him if he was driving an automobile involved in the accident, he replied: "You damn right I was."

The testimony shows that Minnie Huey was in good health immediately before the collision. The report of a doctor who examined her at the hospital shows that she had a serious head wound in the left temporal region, that he found no heart beat, and pronounced her dead, and the cause of death was a head injury.

The facts and circumstances were sufficient to warrant the jury's finding that the appellant while intoxicated and driving an automobile upon a public highway caused the collision of the automobile as alleged in the indictment which resulted in the death of Minnie Huey named therein.

The appellant's contention that the judgment should be reversed because the judgment and sentence refer to the offense as murder without malice is overruled.

The judgment is affirmed.

Opinion approved by the Court.