Emma May THOMASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37078.

Court of Criminal Appeals of Texas.

Dec. 9, 1964.

Rehearing Denied April 21, 1965.

Percy Foreman, Houston, King C. Haynie, Houston (On Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted under Art. 802c, Vernon's Ann.P.C., of murder without malice and her punishment assessed at confinement in the penitentiary for two years.

The indictment in two separate counts charged appellant with the offense of murder without malice. Only the first count, which charged murder without malice under the provisions of Art. 802c, supra, was submitted to the jury.

The evidence was undisputed that, on the date alleged, the appellant, while driving her Pontiac automobile west on Sunnyside Street in the city of Houston, was involved in a collision around 5 p. m. with a motorcycle on which the deceased and another boy were riding. The collision occurred after appellant's automobile had entered the intersection of Sunnyside and McGallion Streets, when it was struck on the right side by the motorcycle driven by the deceased, who was traveling south on McGallion.

It was undisputed that the deceased was killed in the collision and that appellant had been drinking.

Numerous state witnesses, including police officers who observed appellant at the scene of the collision, testified that she walked in a staggering manner, smelled strongly of alcoholic beverages, talked with a thick tongue, and they expressed their opinion that she was intoxicated. It was further shown that a blood sample taken from appellant, with her consent, about an hour and twenty minutes after the collision, contained .146% alcohol by weight. Chemist Robert F. Crawford, who made the analysis of the blood sample, testified that a person with such percentage of alcohol in the blood would be intoxicated.

Testifying in her own behalf, appellant admitted having consumed two bottles of beer prior to the collision but denied that she was drunk. Witnesses were also called by her who supported her claim of sobriety.

Testimony was offered by the state to the effect that appellant's automobile entered the intersection without stopping at a stop sign on Sunnyside Street. There was no stop sign at the intersection on McGallion.

Appellant swore that she did stop for the stop sign. She also called a witness who testified that he observed her car stop at the sign.

The jury, by their verdict, resolved the disputed issues against appellant, and we find the evidence sufficient to sustain the verdict.

Appellant insists that she cannot be convicted of murder without malice under Art. 802c, supra, because it is not a murder statute and does not provide that a conviction thereunder shall be for murder without malice.

Art. 802c, supra, as enacted by the 47th Legislature in 1941, provides as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley or any other place within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, and while so driving and operating such automobile or other motor vehicle shall through accident or mistake do another act which if volun-

tarily done would be a felony, shall receive the punishment affixed to the felony actually committed."

In giving application to this statute it has been the holding of this court that in enacting Art. 802c, supra, it was the purpose of the legislature to make applicable to the misdemeanor offense of drunken driving the elements of accident or mistake contained in Art. 42, V.A.P.C., and that under such statute (Art. 802c, supra) a conviction for murder without malice can be sustained. Fox v. State, 145 Tex.Cr.R. 71, 165 S.W.2d 733; Simmons v. State, 145 Tex.Cr.R. 448, 169 S.W.2d 171; Johnson v. State, 153 Tex.Cr.R. 59, 216 S.W.2d 573; McCarthy v. State, 153 Tex.Cr.R. 149, 218 S.W.2d 190; Greiner v. State, 157 Tex. Cr.R. 479, 249 S.W.2d 601 and McKee v. State, 168 Tex.Cr.R. 604, 330 S.W.2d 434.

We adhere to such holdings and overrule appellant's contention.

In her brief, appellant makes certain complaints to the court's charge which she urges as fundamental error. No objections to the charge were made by appellant in the trial court, nor were there any requested charges presented by her.

We have carefully reviewed the charge given by the court and find no fundamental error.

In his charge, the court instructed the jury with reference to the provisions of Art. 802c, supra, and submitted to them the issue of appellant's guilt of murder without malice under the allegations of the indictment.

Under the court's instruction, the jury were instructed to convict appellant of murder without malice if they found from the evidence beyond a reasonable doubt that while intoxicated and while driving her automobile upon a public highway she did by accident or mistake kill the deceased by driving said automobile into or causing it to collide with the motorcycle being ridden by the deceased, thereby injuring the body of the deceased, from which injuries the said deceased died.

The jury were further instructed that although they believed from the evidence beyond a reasonable doubt that appellant, while intoxicated and while driving her automobile upon a public highway, did through accident and mistake kill the deceased, they could not convict appellant unless they found "from the evidence beyond a reasonable doubt that such intoxication, if any, or being under the influence of intoxicating liquor, if any, caused the collision, if any, or contributed to same, or was a causal factor in causing the death of the said Jack Ray Weatherly, if it did cause his death."

The charge adequately presented to the jury the issue of appellant's guilt, under the evidence.

We do not agree, as urged by appellant, that the court committed fundamental error in instructing the jury to convict her if they found from the evidence that she killed the deceased through *accident or mistake,* because there was no evidence that the killing was through mistake. The words, "mistake" and "accident" as used in the statute, mean "unintentional" and are often used in connection with each other and are interchangeable. Johnson v. State, supra.

Nor do we agree that the court committed fundamental error in failing to charge on the question of appellant's guilt of negligent homicide in the second degree. Under Art. 802c, supra, it is a felony for an intoxicated driver of an automobile to kill another person by accident or mistake and, being a felony, such crime cannot be prosecuted as the misdemeanor offense of negligent homicide of the second degree. Jones v. State, 160 Tex.Cr.R. 640, 274 S.W. 2d 400; Munoz v. State, 162 Tex.Cr.R. 331, 285 S.W.2d 729.

The judgment is affirmed.