**Juan TORRES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–209–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 28, 2001.

Anthony Troiani, Brownsville, for appellant.

Yolanda De Leon, Dist. Atty., Brownsville, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

A jury found appellant, Juan Torres, Jr., guilty of the offenses of intoxication manslaughter and failure to stop and render aid; found that he used a deadly weapon in the commission of these offenses; and assessed his punishment at ten years imprisonment for the intoxication manslaughter and one year imprisonment for the failure to stop and render aid. Appellant appeals only his conviction for intoxication manslaughter. He does not appeal his conviction for failure to stop and render aid. In two issues, appellant contends the trial court erred by failing to charge the jury on the issue of concurrent causation and by failing to include a lesser included offense in the charge. We affirm.

On March 15, 1998, appellant was driving a motor vehicle on a public roadway in South Padre Island when his vehicle hit the victim, causing her death. It is undisputed that appellant was legally intoxicated at the time of the incident. The record shows that the victim was also legally intoxicated at the time she was hit by appel-

lant's vehicle, and that she was walking along Gulf Boulevard, a busy thoroughfare, during spring break.

At trial, appellant asserted that because some of the debris from the collision was in the roadway, the victim must have been walking in the roadway at the time of the offense. Appellant argued that the victim's location in the roadway was a concurrent cause of the incident.

In his first issue, appellant contends the trial court erred by failing to charge the jury on the defensive issue of concurrent causation.

The jury charge contained: (1) an abstract instruction on the law of concurrent causation, and (2) a paragraph which applied the law to the facts (instructing the jury to acquit appellant if there was reasonable doubt that, concurrently with the intoxication of the defendant, another cause also operated to cause the collision in question). Because the trial court charged the jury on the defensive issue of concurrent causation, we hold it did not commit error. Appellant's first issue is overruled.

In his second issue, appellant contends the trial court committed reversible error when it failed to charge the jury with the lesser included offense of criminally negligent homicide.

■ We apply a two-prong test to determine whether the trial court must include a lesser included offense in a charge. *See Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim.App.1998); *Royster v. State,* 622 S.W.2d 442, 444 (Tex.Crim.App.1981); *Sanders v. State,* 963 S.W.2d 184, 187 (Tex. App.—Corpus Christi 1998, pet. ref'd). Under the first prong of the test, we must determine whether the offense constitutes a lesser included offense as defined by statute. *See* TEX.CODE CRIM.PROC.ANN. art.

37.09 (Vernon 1981); *Moore,* 969 S.W.2d at 8.

An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

■ A person commits the offense of criminally negligent homicide if he causes the death of an individual by criminal negligence. TEX.PEN.CODE ANN. § 19.05(a) (Vernon 1994). The Texas Penal Code classifies culpable mental states according to relative degrees as follows: (1) intentional; (2) knowing; (3) reckless; and, (4) criminal negligence. TEX.PEN.CODE ANN. § 6.02(d)(1)-(4) (Vernon 1994). Unlike criminally negligent homicide, intoxication manslaughter does not require proof of a culpable mental state, and pursuant to statute, is a strict liability offense. *See* TEX.PEN.CODE ANN. §§ 49.08(a), 49.11 (Vernon Supp.2001) (notwithstanding section 6.02(b), proof of culpable mental state not required for conviction of offense under chapter 49); *Reidweg v. State,* 981 S.W.2d 399, 406 (Tex.App.—San Antonio 1998, no pet.). Because criminally negligent homicide requires proof of a culpable mental state to establish its commission and intoxication manslaughter does not, we conclude that criminally negligent homicide cannot be a lesser included offense of intoxication manslaughter.

Appellant's reliance on *Ormsby v. State,* 600 S.W.2d 782 (Tex.Crim.App.1979), is

misplaced. *Ormsby* held that criminally negligent homicide is a lesser included offense of involuntary manslaughter under former Texas Penal Code section 19.05(a)(2), the predecessor of the intoxication manslaughter statute. *Id.* at 783–84. Because the involuntary manslaughter statute, at that time, did not clearly dispense with any mental element, proof of a culpable mental state was required. Thus, the *Ormsby* court concluded that the act of driving while intoxicated under section 19.05(a)(2) was recklessness *per se. Ormsby,* 600 S.W.2d at 783–84; *see Gowans v. State,* 995 S.W.2d 787, 792–93 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd); *Reidweg,* 981 S.W.2d at 406; *see also* TEX.PEN. CODE ANN. § 6.02(d) (Vernon 1994). Because criminally negligent homicide requires only a mental state of criminal negligence, the court held that it could be a lesser included offense of involuntary manslaughter. *Ormsby,* 600 S.W.2d at 784.

Today, however, with the modification of the offense of involuntary manslaughter and its placement in chapter 49 of the penal code as an intoxication offense, the legislature has clearly dispensed with any mental state requirement for conviction of intoxication manslaughter. *See* TEX.PEN. CODE ANN. §§ 49.08(a), 49.11 (Vernon Supp.2001); *Gowans,* 995 S.W.2d at 793; *Reidweg,* 981 S.W.2d at 406. Accordingly, we conclude the reason for the holding in *Ormsby* no longer applies.

Because we have concluded that criminally negligent homicide is not a lesser included offense of intoxication manslaughter, it is unnecessary for us to reach the second prong of the test.[1] We hold the trial court did not err in failing to charge the jury on the offense of criminally negli-

gent homicide. We overrule appellant's second issue.

The judgment of the trial court is affirmed.

---

1. Under the second prong of the test, a defendant must show some evidence from which a jury could rationally conclude that the defendant is guilty only of the lesser included offense. *See Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.1993).