**Grace Theresa BEBEAU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00104–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1988.

Rehearing Denied Sept. 22, 1988.

Mark W. Stevens, Galveston, for appellant.

Michael J. Guarino, Criminal Dist. Atty., Sharon K. Meier, Asst. Dist. Atty., for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of the misdemeanor offense of criminally negligent homicide, and assessed her punishment at one year in jail probated and a fine of $2,000. Appellant asserts five points of error.

Appellant was the driver of one of two automobiles involved in a low-speed intersectional collision. Testimony showed that appellant's automobile struck the left rear fender of the other vehicle, a light-weight replica of an antique automobile, which flipped over. The other driver died of injuries received in the collision. Appellant admitted to investigating officers at the scene that she had been drinking beer and had come directly from a party. One investigating officer testified that he believed that appellant was intoxicated, based on her gait, speech, and the "strong odor of alcohol" on her breath. A blood test taken approximately two hours after the collision showed appellant to have a .06 alcohol concentration, less than the .10 concentration defined as intoxication per se under Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1988), and a .02 concentration of methaqualone, a controlled substance.

Appellant was charged with criminally negligent homicide under Tex.Penal Code Ann. sec. 19.07(a) (Vernon 1988). The pertinent portion of the information alleged that she caused the complainant's death by criminal negligence in that she unlawfully drove and operated a motor vehicle while "under the influence of alcohol, a controlled substance, to-wit: methaqualone and a combination of alcohol and methaqualone."

By her first point of error, appellant asserts that the trial court erred in overruling her motion to quash the information for failure to state an offense.

This is so, she argues, because no offense can be charged relating to impairment of a motor vehicle driver or operator by reason of the use of alcohol, controlled substances, or drugs without using the statutory definitions of the terms "intoxication" or "intoxicated."

The legislature has enacted in two statutes a comprehensive and all-encompassing scheme of offenses pertaining to the driver who is impaired by alcohol, or controlled substances, or drugs. These offenses are: (1) felony involuntary manslaughter, Tex. Penal Code Ann. sec. 19.05(a)(2) (Vernon 1988), which applies to any situation where a substance-impaired driver causes the death of another person; and (2) driving while intoxicated, Tex.Rev.Civ.Stat.Ann.

art. 6701*l*–1, which provides misdemeanor and felony punishments for situations where a substance-impaired driver is convicted once, twice, or three or more times [art. 6701*l*–1(c), (d), and (e)], or where another person suffers serious bodily injury [art. 6701*l*–1(f)].

Tex.Penal Code Ann. sec. 19.05 defines the felony offense of involuntary manslaughter as follows:

(a) A person commits an offense if he:

(1) recklessly causes the death of an individual; or

(2) by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat while intoxicated and, by reason of such intoxication, causes the death of an individual.

(b) For purposes of this section, "intoxicated" has the meaning assigned that term by Subsection (a), Article 6701*l*–1, Revised Statutes.

The term "intoxicated," found in the "Intoxicated driver" statute, art. 6701*l*–1, is defined as follows:

(a) In this article:

\*　　\*　　\*　　\*　　\*　　\*

(2) "Intoxicated" means:

(A) not having the normal use of mental faculties or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

Because the two statutes in combination use the mandated common definition of "intoxicated," and cover every possible situation and result involving the allegedly substance-impaired driver, appellant argues that there are no other permissible crimes involving intoxicated or impaired driving.

Tex.Penal Code Ann. sec. 19.07, under which appellant was charged, defines "criminally negligent homicide" as follows:

(a) A person commits an offense if he causes the death of an individual by criminal negligence.

(b) An offense under this section is a Class A misdemeanor.

We agree with appellant that the State's use of the alternative language "under the influence" is, in effect, both an attempt to circumvent the statutory definition of "intoxicated," which encompasses all degrees of driver impairment from substance abuse, and an effort to create a new misdemeanor offense outside the legislature's comprehensive scheme.

In *Jones v. State*, 274 S.W.2d 400 (Tex. Crim.App.1955), the court considered an appeal from a conviction for the then-offense of negligent homicide of the second degree. The unlawful act relied upon as constituting the criminal offense was driving while intoxicated. The Court of Criminal Appeals reversed the conviction and dismissed the prosecution, holding as follows:

At the outset, we are confronted with the contention that the misdemeanor offense of drunken driving may not be utilized and relied upon as the unlawful act constituting negligent homicide of the second degree.

By Art. 802c, Vernon's P.C. [1925], it is a felony for an intoxicated driver of an automobile to kill another person by accident or mistake. Being a felony, such crime could not be prosecuted as the misdemeanor offense of negligent homicide of the second degree.

274 S.W.2d at 401 (citations omitted). The court reached the same result in *Munoz v. State*, 162 Tex.Cr.R. 331, 285 S.W.2d 729 (Tex.Crim.App.1956), using the same reasoning and quoting from *Jones*.

■ We are aware that in a prosecution for the felony offense of involuntary manslaughter based upon reckless conduct, evidence that the defendant had been drinking while driving may, in certain circumstances, require the submission of an instruction on the lesser included offense of criminally negligent homicide. *See Ormsby v. State*, 600 S.W.2d 782 (Tex.Crim.App.1980). This is true because, where the crime alleged depends upon the level of awareness of risk involved, such evidence may raise two

inferences: either the defendant was consciously aware of the risk and disregarded it (reckless mental state), or the defendant failed to perceive the risk (criminally negligent mental state).[1]

■ However, according to the terms of the information in this case, the crime alleged depends only upon the fact that the driver was "under the influence." Thus, the information attempts to allege the misdemeanor offense of criminally negligent homicide not on the basis that the defendant failed to appreciate and perceive a substantial and unjustifiable risk, but simply because the defendant was "under the influence." The information therefore alleges the crime of criminal negligent homicide without regard to the defendant's appreciation for the risks involved, and based only upon conduct that the legislature has criminalized in other statutes.

■ Significantly, we note that unlike the felony offense of involuntary manslaughter, in which the legislature defined the operation of a motor vehicle while intoxicated as reckless *per se*, the misdemeanor offense of criminally negligent homicide provides no *per se* method of establishing the requisite mental state by proof of intoxication. *See* Tex.Penal Code Ann. sec. 19.05(a)(2); *cf.* Tex.Penal Code Ann. sec. 19.07.

The information in this case therefore alleges the commission of a crime that the legislature has not defined. For that reason, the court erred in overruling appellant's motion to quash the information. Appellant's first point of error is sustained.

The judgment is reversed, and the information is dismissed.

1. Tex.Penal Code Ann. sec. 6.03 (Vernon 1988) provides, in pertinent part:

6.03  *Definitions of Culpable Mental States*

\*   \*   \*   \*   \*   \*

(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.