**Michael Jonathan KINNARD, Appellant,**

v.

**The STATE of Texas State.**

**No. 2–88–091–CR.**

Court of Appeals of Texas,
Fort Worth.

March 22, 1989.

Rehearing Denied April 26, 1989.

Kenneth A. Garner, Garland, for appellant.

Barry L. Macha, Crim. Dist. Atty. and John W. Brasher Asst. Crim. Dist. Atty., Wichita Falls, for the State.

Before WEAVER, C.J., and JOE SPURLOCK, II, and KELTNER, JJ.

OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from an order revoking the felony probation of Michael Kinnard, appellant.

As reformed, the judgment is affirmed.

Appellant pleaded guilty on October 16, 1987, to the offense of driving while intoxicated (repetition), see TEX.REV.CIV.STAT. ANN. art. 6701*l*–1 (Vernon Supp.1989), and received a three year probated sentence.

On March 21, 1988, the State filed its second amended motion to revoke probation, alleging the following several violations of appellant's probationary conditions: (1) driving with license suspended; (2) eluding a police officer; (3) driving while intoxicated; (4) failing to abstain from the use and consumption of alcohol; (5) failing to report to his probation officer; and, (6) failing to pay his probation service fee. At a hearing held on the State's motion to

revoke, the court found appellant violated the terms of his probation by eluding a police officer on or about January 16, 1988; driving while intoxicated on or about March 18, 1988; and failing to abstain from the use and consumption of alcohol. On the basis of these findings, appellant's probation was revoked. Appellant raises nine points of error on appeal.

■ By his first point of error, appellant contends the trial court below erred in ruling that it had no jurisdiction to hear appellant's motion for new trial. Appellant's probation was revoked on April 15, 1988, and on April 14, 1988, he filed his notice of appeal. Appellant filed a motion for new trial on May 16, 1988, a first amended motion for new trial on June 23, 1988, and a second amended motion for new trial on June 24, 1988. The trial court refused to hear these motions, expressing its opinion that it lacked jurisdiction over the matter because of defendant's notice of appeal.

Appellant argues the trial court erred in ruling it lacked jurisdiction and cites *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim. App.1985), wherein the court stated "this Court has recently held that notice of appeal filed prior to an otherwise timely filed motion for new trial will *not* deprive the trial court of jurisdiction to rule on that motion." *Id.* at 657. While the court below misstated the law, we note that a revocation of probation is a proceeding tried before the court and not before a jury, and the trial court is not required even to consider a motion for new trial. *Glaze v. State*, 675 S.W.2d 768, 769 (Tex.Crim.App. 1984) (en banc). The error by the trial court in this regard was therefore harmless. Appellant's first point of error is overruled.

■ By his second and fifth points of error, appellant asserts there is no evidence and insufficient evidence, respectively, to support the allegation of driving while intoxicated.

The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App. [Panel Op.] 1981). Where the sufficiency of the evidence to support the trial court's order is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980).

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.), *appeal dism'd*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

A review of the record in the present case reveals ample evidence for the trial judge to conclude by a preponderance of the evidence that appellant was driving while intoxicated on March 18, 1988. The arresting officer testified that he observed appellant's vehicle weaving into another traffic lane. He further stated appellant had one eye swollen shut and a blank stare on his face when the officer opened appellant's door, having pulled him over. The officer stated that after he asked appellant to get out of the vehicle, appellant stumbled out of the car and the officer had to catch him before he hit the ground and stand him back up. A strong odor of alcohol was coming from both appellant and his car. Appellant tripped over the curb and nearly fell down again as they walked to the side of the road. He indicated to the officer that he had just left the Diamond Belle Bar and was trying to get home. The officer testified appellant was using profanity and that his speech was slurred. Appellant was offered a breath test, but none was administered. The officer testified that in his opinion appellant was under the influence of alcohol.

Appellant contends because the officer opined that appellant was "under the influence of alcohol" this will not support a

conviction for driving while intoxicated and therefore the State has failed to meet its burden of proof. Appellant argues the State failed to introduce the requisite and specific opinion evidence that the appellant was intoxicated and thus failed in its burden to prove an essential element of the offense.

It has been established for a number of years that the terms "intoxicated" and "under the influence of intoxicating liquor" are synonymous. *Sumner v. State*, 298 S.W.2d 577, 579 (Tex.Crim.App.1957). It is common knowledge that alcohol is the intoxicating ingredient in liquor. In a supplemental brief, appellant cites as authority the case of *Bebeau v. State*, 757 S.W.2d 136 (Tex.App.—Houston [1st Dist.] 1988, no pet.) for the proposition a statement such as "the accused was under the influence" fails to prove a violation of a crime as defined by the legislature. *Bebeau* is clearly distinguishable from the instant case. It, unlike our instant case, did not involve a motion to revoke probation, but was instead a prosecution based upon an allegation of criminally negligent homicide. The information in *Bebeau* was found to be alleging a crime that the legislature has not defined. The information attempted to allege a misdemeanor offense of criminally negligent homicide not on the basis that the defendant failed to appreciate and perceive a substantial and unjustifiable risk, but simply because the defendant was "under the influence." *Id.* at 139. The court determined the information in *Bebeau* alleged the commission of a crime that the legislature had not defined, and, having determined the information should have been quashed on *Bebeau's* motion, dismissed the information.

In our instant case, appellant does not allege any defect in the State's motion to revoke probation, but instead attacks the proof offered by the State of appellant's failure to abide by the terms of his probation. The State need only prove its case here by a preponderance of the evidence. We hold that the State has met its burden. The officer's opinion that appellant was under the influence of alcohol combined with the officer's testimony of his other observations of appellant is sufficient evidence to prove the breach of appellant's condition of probation. Appellant's second and fifth points of error are overruled.

■ Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of probation is sufficient to support the order of revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim.App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. [Panel Op.] 1979). That being the case, we need not consider appellant's points of error three and six (attacking, based on no evidence and insufficiency of evidence, the court's determination appellant eluded a police officer).

The State concedes error as to appellant's points of error four, seven, and eight, which assert the following: (4) the court erred in revoking appellant's probation because there was no evidence presented to the court to support the allegation that the terms and conditions of defendant's probation required him to abstain from the use and consumption of alcohol; (7) the court below erred in revoking appellant's probation because there was insufficient evidence presented to the court below to support the allegation that the terms and conditions of defendant's probation required him to abstain from the use and consumption of alcohol; and, (8) the court below erred in finding that defendant had to abstain from the use and consumption of alcohol as a condition of his probation.

However, because we have already found sufficient evidence to support the court's finding as to one violation of appellant's terms of probation, the court's other findings will not invalidate the revocation order. *Houston v. State*, 486 S.W.2d 365 (Tex.Crim.App.1972); *Rice v. State*, 548 S.W.2d 725, 729 (Tex.Crim.App.1977), *overruled on other grounds, Lippert v. State*, 664 S.W.2d 712 (Tex.Crim.App.1984). The judgment is reformed to delete the finding appellant violated the conditions of his probation by failing to abstain from the use

and consumption of alcohol. *See Cannady v. State,* 582 S.W.2d 467 (Tex.Crim.App. [Panel Op.] 1979).

■ By his ninth point of error, appellant asserts that the trial court erred in allowing appellant to plead guilty on October 16, 1987, without an affirmative finding that appellant was mentally competent. Appellant argues the trial court never made a finding appellant was mentally competent. Appellant contends at the time he entered his plea of guilty he was not competent to do so because he had lost the normal use of his mental and physical facilities by reason of intoxication and was therefore unable to understand the nature of the charges, the effect of his plea, the warnings of the court, and the plea bargain and therefore the plea was involuntary.

Unless an issue is made of an accused's present insanity or mental competency at the time of the plea, the court need not make inquiry or hear evidence on the issue. *Kuyava v. State,* 538 S.W.2d 627, 628 (Tex. Crim.App.1976). Appellant waived his right to review the question of compliance with TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Pamph.Supp.1989) when he failed to appeal from the primary conviction when he was placed on probation. *Heiskell v. State,* 522 S.W.2d 477 (Tex. Crim.App.1975). Appellant's ninth point of error is overruled.

As reformed, the judgment is affirmed.