In the Matter of ANN RADER TROITINO JOHNSTON (Admitted as ANN RADER TROITINO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1989

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Neal S. Comer* of counsel *(Harold, Salant, Comer, Strassfield & Spielberg,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ann Rader Troitino Johnston was admitted to the practice of law by this court on June 18, 1984 under the name Ann Rader Troitino.

Petitioner Departmental Disciplinary Committee moves pursuant to Judiciary Law § 90 (4) (b) and (e), for an order striking respondent's name from the roll of attorneys upon the ground that respondent is a disbarred attorney as a result of her conviction in the State of Texas of involuntary manslaughter in the first degree, a felony offense (Texas Penal Code § 19.05 [a] [2]).

On May 21, 1986, an indictment was filed in the 263rd Judicial District Court, Harris County, Texas *(State of Texas v Ann Troitino Johnston,* No. 449279) charging respondent with one felony count of involuntary manslaughter. The indictment alleged that respondent on May 11, 1986 "while intoxicated operated a motor vehicle and by accident and mistake cause[d] [such] vehicle to collide with a vehicle occupied by Susan Scrace, hereafter styled the complainant, causing the death of the complainant by reason of the intoxication of the defendant [respondent]."

On April 4, 1988 respondent was convicted after a jury trial of involuntary manslaughter, first degree, and on July 7, 1988 she was sentenced to a term of imprisonment of 10 years.

In support of the instant motion, petitioner submits certified copies of the subject indictment and judgment of conviction. Petitioner contends that the Texas felony is "essentially similar" to vehicular manslaughter in the second degree as defined by New York Penal Law § 125.12.

In opposition to the petition respondent asserts that the crime of which she stands convicted, involuntary manslaughter, first degree (Texas Penal Code § 19.05 [a] [2]), is not "essentially similar" to vehicular manslaughter, second degree, under the New York Penal Law since (1) the Texas involuntary manslaughter statute does not have as an element recklessness or criminal negligence and thus requires a lesser degree of culpability than any New York felony statute; and (2) "intoxication" as used in the Texas statute requires a lesser showing than "intoxication" under New York Penal Law § 125.12. Thus, respondent asserts that since the offense committed in Texas does not constitute a felony under New York Law (Judiciary Law § 90 [4] [e]), she was not automati-

cally disbarred by virtue of such conviction (Judiciary Law § 90 [4] [a]) and, therefore, the instant petition should be denied and the matter scheduled for a hearing. (Judiciary Law § 90 [4] [h]).

Involuntary manslaughter, first degree, the crime of which respondent was convicted, was defined by section 19.05 (a) (2) of the Texas Penal Code which provided:

"(a) A person commits an offense if he:

"(1) recklessly causes the death of an individual; or

"(2) by accident or mistake when operating a motor vehicle * * * while intoxicated and, by reason of such intoxication, causes the death of an individual.

"(b) For purposes of this section, 'intoxication' means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body.

"(c) An offense under this section is a felony in the third degree."

Vehicular manslaughter, second degree, is defined by New York Penal Law § 125.12 as follows:

"A person is guilty of vehicular manslaughter in the second degree when he:

"(1) commits the crime of criminally negligent homicide as defined in section 125.10, and

"(2) causes the death of such other person by operation of a vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of the vehicle and traffic law.

"Vehicular manslaughter in the second degree is a class D felony."

New York Penal Law § 125.10 provides:

"A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"Criminally negligent homicide is a class E felony."

Criminal negligence is defined in section 15.05 (4) of the New York Penal Law as follows: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he *fails to perceive a substantial and unjustifiable risk* that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a

reasonable person would observe in the situation." (Emphasis added.)

Section 1192 (2), (3) and (4) of the New York Vehicle and Traffic Law states:

"2. No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this chapter.

"3. No person shall operate a motor vehicle while he is in an intoxicated condition.

"4. No person shall operate a motor vehicle while his ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter."

At the outset, it is noted that a felony conviction in a sister State will not trigger automatic disbarment unless the offense would constitute a felony under New York law. (Judiciary Law § 90 [4] [a], [e].) "For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity." *(Matter of Margiotta,* 60 NY2d 147, 150 [1983].)

We turn first to the issue of culpability. At first glance, section 19.05 of the Texas Penal Code, with respect to mental culpability, appears to distinguish between death which is "recklessly" caused and death which is caused by "accident or mistake" when and by reason of operating a motor vehicle while intoxicated. However, Texas case law indicates otherwise.

The Texas Court of Criminal Appeals in *Ormsby v State of Texas* (600 SW2d 782 [1979]) held that the commission of an offense under section 19.05 (a) (2) involves the culpable mental state of "recklessness per se". The court made reference to the Practice Commentary to Texas Penal Code § 19.05, which stated: "[s]ection 19.05 defines involuntary manslaughter as a reckless killing, with Subsection (a) (2) defining driving while intoxicated as recklessness per se" (Searcy and Patterson, 1973 Practice Commentary, Vernon's Tex Penal Code Annot, at 110 [1989]). Similarly, in *Guerrero v State of Texas* (605 SW2d 262, 264 [Tex Ct Crim App 1980]), that court stated: "the term 'reckless' need not be explicitly alleged because a finding that the statutory elements of § 19.05 (a) (2) have been fulfilled constitutes, as a matter of law, a finding of reckless

conduct. This is what is meant by the term 'recklessness per se.' " *(See also, Bebeau v State of Texas,* 757 SW2d 136, 139 [Tex Ct of App 1988].)

"Reckless" was defined by section 6.03 of the Texas Penal Code in pertinent part as follows: "(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he *is aware of but consciously disregards a substantial and unjustifiable risk* that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." (Emphasis added.)

By contrast, the New York crime of vehicular manslaughter (Penal Law § 125.12) merely requires proof of criminal negligence—failure to perceive a substantial and unjustifiable risk —coupled with intoxicated driving. Therefore, the Texas involuntary manslaughter statute which definitionally requires "recklessness"—being aware of but consciously disregarding a substantial and unjustifiable risk—requires a higher degree of mental culpability than the New York statute.

Turning next to the issue of "intoxication", we find respondent's claim that the Texas involuntary manslaughter statute merely requires proof of impairment of a defendant's abilities to "any degree" also lacks merit. The Texas Penal Code defined "intoxication" for purposes of section 19.05, in this way: "[T]he actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body."* In *Parr v State of Texas* (575 SW2d 522, 526 [1978]), the Texas Court of Criminal Appeals, while referring to the term "impaired condition", stated: "the statute condemns only that conduct when, having voluntarily introduced a substance * * * into his body, a person does not have the normal use of his mental or physical faculties *and*

---

* The Texas statute was amended in 1987, which is after the offense involved herein. Intoxication is now defined as (a) not having the normal use of mental or physical faculties by reason of introduction of alcohol into the body *or* (b) having a blood alcohol concentration of 0.10% or more. New York Vehicle and Traffic Law § 1192 also uses a .10% blood alcohol concentration level to define intoxication. However, respondent was not given a blood alcohol test in this case. The evidence of intoxication was supplied by nonpolice witnesses who observed respondent following the accident. Thus, although alluded to by the petitioner, blood alcohol levels are not relevant here.

such person operates a motor vehicle". See, also, *Lockhart v State* (108 Tex Crim 597, 1 SW2d 894, 895 [1927]) in which the appeals court upheld a conviction for driving while intoxicated where the Trial Judge had charged the jury that by " 'intoxication or under the influence of intoxicating liquor to any degree,' is meant that a person has taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties."

In New York, the term "intoxication", as used in Vehicle and Traffic Law § 1192 (3), is not defined by statute. However, the New York Court of Appeals in *People v Cruz* (48 NY2d 419, 428 [1979], *appeal dismissed* 446 US 901) defined intoxication for purposes of the Vehicle and Traffic Law in this way: "intoxication is a greater degree of impairment which is reached when the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver."

Thus, the definition of intoxication under Texas law is "essentially similar" to the New York definition.

Accordingly, since respondent's Texas felony offense has an analogue felony under New York law, to wit, vehicular manslaughter in the second degree (Penal Law § 125.12) a class D felony, she has been disbarred by reason of said conviction. (Judiciary Law § 90 [4] [a], [e].) Accordingly, respondent's name shall be stricken from the roll of attorneys, forthwith.

KUPFERMAN, J. P, ROSS, KASSAL, ROSENBERGER and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.