[603 NYS2d 740]

In the Matter of ANN RADER TROITINO JOHNSTON (Admitted as ANN RADER TROITINO), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1993

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Ann Troitino Johnston,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Ann Rader Troitino Johnston was admitted to the practice of law in New York by the First Department on June 18, 1984, under the name Ann Rader Troitino.

Respondent was convicted after a jury trial, in the State of Texas, of the crime of involuntary manslaughter in the first degree for operating a motor vehicle while intoxicated which collided with another automobile and caused the death of a passenger.

This Court struck her name from the roll of attorneys on the grounds that the conviction of a Texas felony was essentially similar to a New York felony offense (146 AD2d 222).

The Court of Appeals reversed and determined that automatic disbarment was not warranted (75 NY2d 403).

Upon remittitur to this Court, the matter was remitted to the Departmental Disciplinary Committee for a "serious crime" hearing and the respondent was suspended from the practice of law pending such hearing.

Respondent now resides in California and alleges that she does not intend to return to New York to practice law nor to practice it in California.

Respondent acknowledges that (1) she is the subject of a pending disciplinary proceeding into allegations that she has been guilty of misconduct; (2) her resignation is freely and voluntarily rendered; (3) she has not been subjected to coercion or duress; (4) she is fully aware of the implications of submitting her resignation; and (5) she cannot successfully defend herself against the charges in the pending disciplinary proceeding. This complies with the requirements under section 603.11 of this Court's rules (22 NYCRR).

The Departmental Disciplinary Committee supports respondent's request for permission to resign.

Accordingly, respondent's resignation as a member of the Bar should be accepted and directed to be filed, and her name stricken from the roll of attorneys and counselors-at-law, effective immediately.

CARRO, J. P., ROSENBERGER, KUPFERMAN, ROSS and KASSAL, JJ., concur.

Respondent's resignation from practice as an attorney and counselor-at-law in the State of New York is accepted and filed and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective October 7, 1993.